JOSEPHINE C. MAHEN et al., Plaintiffs in Error, v. ELIZABETH RUHR, Executrix of Will of FRANK B. RUHR, EUGENE HANEBRINK, THEODORE HEMMELMANN, Jr., Trustee, RICHARD PACKLER, Cestui Que Trust, and UNKNOWN OWNER of Negotiable Notes Described in Deed of Trust.

Division Two, April 7, 1922.

1. **ESTATE BY ENTIRETY:** Conveyance by Husband Alone: Execution Sale. Where real estate has been conveyed to a husband and wife they thereby become tenants by the entirety, and neither can convey it without being joined by the other, and the interest of the wife cannot be levied upon or sold under a judgment against the husband alone; and if said conveyance is recorded, all persons claiming under the sole deed of the husband, or under an execution levied under a judgment against him alone and a sheriff's deed, take no title.

2. ———: Sale Under Execution: Estoppel: Fraud of Agent. Although the interest of the husband in real estate held by him and his wife as tenants by the entirety is not subject to levy of execution under a judgment against him alone, yet if the wife cause execution to issue and the property to be sold she is in no position to allege the invalidity of the sale or judgment; but she does have a right to assert that her agent fraudulently caused the conveyance to be made to his office clerk who paid no consideration.

3. ———: Cloud on Title: Interposition of Equity. Where the record showed a conveyance to the husband and wife and an estate by the entirety, and also a subsequent deed by the husband alone, and a later sheriff's deed reciting a judgment against the husband (although no such judgment had been actually entered) and execution in due form, and a later forged deed which purported to convey the interest of the wife, there is such a showing of a cloud upon the title as warrants a court of equity to interpose in behalf of the wife to remove the void instruments.

4. ———: ———: ———: Moot Case: Purchase by a Plaintiff from Defendants. A court of equity having once acquired jurisdiction will not release its hold until it has done full justice to all the parties. Where one of the plaintiffs, who appeared as trustee for minor children, after judgment in the trial court dismissing the wife's bill in equity, sued out a writ of error, and afterwards purchased the void deed of trust and refused to release it—void because based on a deed by the husband alone who was a tenant by

the entirety, and on a forged conveyance of the wife's interest—the wife's suit to remove the void instruments as clouds upon the title has not become a moot question, but said purchaser, although a nominal plaintiff, will be considered as standing in the shoes of defendants and asserting the same rights they did.

Error to St. Louis City Circuit Court.—*Hon. Benjamin J. Klene,* Judge.

REVERSED AND REMANDED.

*Taylor R. Young* for plaintiff.

(1) The clerk of a court has no judicial powers, and he has no authority to issue an execution upon the mere affidavit of one of the parties to a suit that certain installments of a lawful order to pay alimony, have not been paid. The court and not the clerk must find the failure to pay, and enter a judgment for such failure, which it will not do until the party whose duty it is to comply with such order has been given an opportunity to refute the claim made in such affidavit; and such an execution is without warrant or authority of law, and a title acquired under a sale thereunder is void. State ex rel. v. Helderson, 164 Mo. 259; State ex rel. Caldwell v. Cockrell, 217 S. W. 524; R. S. 1919, sec. 1521; 23 Cyc. 837. (2) Certainly the forged deed of Josephine C. Mahen to Hanebrink did not pass any interest she had in this real estate, but it did place a cloud upon the title of plaintiffs in error. Moore v. Hutchinson, 69 Mo. 429; Douthitt v. Stinson, 63 Mo. 268; Cement Company v. Gas Company, 255 Mo. 33; 2 Cyc. 181, par. 4, sub (b). (3) The deed of trust sought to be set aside is a cloud upon the title of plaintiffs in error. Sneathen v. Sneathen, 104 Mo. 201, And a court of equity is the proper forum to remove a cloud of this character. Truesdale v. McCormick, 126 Mo. 39.

WHITE, C.—This case comes here by writ of error from the Circuit Court of the City of St. Louis. The suit was originally filed by Joseph C. Mahen against the

defendants mentioned, and afterwards Mabel Mahen and Dan Mahen, Trustee; were joined as parties plaintiff.

A second amended petition upon which the case was determined was filed in May, 1918, and the allegations of the petition, stated in an abbreviated form, are as follows: That on the twenty-ninth day of August, 1895, Joseph C. Mahen was married to one Josephine C. Mahen, and there were born of the marriage two children, Mabel Mahen, plaintiff, eighteen years of age at the time the suit was filed, and Joseph Mahen, Jr., thirteen years of age at that time; that on the sixth of August, 1906, Josephine Mahen and her said husband "acquired the title in fee, being an estate by the entirety, and came into joint possession of the following described real estate, etc. Then follows a description of the real estate.

That on the seventh day of August, 1911, Josephine Mahen filed a suit for divorce against her husband, Joseph, and Joseph filed a cross-bill, which suit remained pending until November 18, 1912, when both petition and cross-bill were dismissed.

That on the seventeenth day of July, 1912, Joseph Mahen conveyed, or attempted to convey, to Dan Mahen, Trustee, his interest in the real estate mentioned for the use and benefit of his two minor children, Mabel and Joseph, Jr.

That on the nineteenth of September, 1914, Josephine Mahen caused execution to be issued upon a supposed judgment for temporary alimony which was awarded her in the divorce suit, but that no judgment decree was in fact rendered for alimony or suit money; the execution was issued October 9, 1914, and said Josephine Mahen caused the same to be levied upon the interest of Joseph Mahen in the real estate described in the petition for the amount of said supposed judgment, $793, and caused the property to be sold by the sheriff on the 13th day of November, 1914, and conveyance of the supposed interest of Joseph Mahen was made by the sheriff to Eugene H. Hanebrink for the recited sum of three hundred dollars. The petition then alleges that at the date of the execution sale Frank B. Ruhr, now deceased, was

the agent in charge of the business of Josephine Mahen and that he agreed with Josephine Mahen that he would buy the said real estate in the name of the plaintiff Mabel Mahen, but instead of that he made it appear that it was bought by the defendant Eugene Hanebrink, and fraudulently had the sheriff make the deed to said Hanebrink, who was then an office clerk of the said Ruhr and paid no consideration whatever for the deed made to him, and that said real estate at the time of said sale was worth about three thousand dollars; that at the time of the execution sale some time thereafter, the said Frank B. Ruhr, with design and intent to defraud the said Josephine Mahen of her interest in the estate, fraudulently devised and fabricated a general warranty deed in the the name of said Josephine Mahen as grantor, and purported to convey her interest in said land to said Eugene H. Hanebrink; that said last mentioned deed purported to be acknowledged by said Josephine Mahen, but was in fact neither signed nor acknowledged by her, nor by her authority, and that Hanebrink parted with and paid no consideration for the same.

That thereafter, on the 25th day of November, 1915, the said Ruhr caused the said Hanebrink to execute a deed of trust upon the said real estate to said Theodore Hemmelmann, as trustee, to secure to Theodore Spackler a promissory note, in the sum of seven hundred dollars due three years after date; that thereafter, further designing to defraud Josephine Mahen of her interest, said Frank Ruhr caused said notes to be negotiated through the Hemmelmann-Spackler Real Estate Company, and the same were by said company sold to some person or persons whose names are unknown to plaintiff, and that said Ruhr received the proceeds of said notes and deed of trust amounting to seven hundred dollars, and fraudulently appropriated and converted the same to his own use; that Frank B. Ruhr departed this life on the sixth day of November, 1916, and defendant Elizabeth Ruhr was duly qualified as his executrix.

The petition then alleges that Josephine C. Mahen and Joseph Mahen, when they acquired the real estate

described in the petition, entered into possession of the same as their homestead and it ever since has been and remained their homestead; that at the time of the issuing of the execution and the sale thereunder the plaintiff Josephine C. Mahen was living apart from said Joseph Mahen, but immediately after the said execution and sale Josephine Mahen returned and lived on said real estate, where she has ever since lived.

The petition further alleges that Theodore Hemmelmann, Jr., as trustee, and Spackler, the said owners of the promissory notes hereinbefore described, under said deed of trust had caused the real estate to be advertised to be sold on the thirteenth day of April, 1917, and that the defendants will yet proceed to advertise and sell same unless restrained from doing so by an injunction order; that such sale would cast a cloud upon the plaintiff's title, and the damage and injury to plaintiffs resulting therefrom would be irreparable and they are without adequate remedy at law.

The petition thereupon prays that the sheriff's deed to the defendant Hanebrink be declared null and void, that the pretended deed purporting to be executed by the said Josephine Mahen to Eugene Hanebrink be declared null and void and surrendered for cancellation; that the deed of trust mentioned be held of no force and effect; that decree be entered ordering surrender of said deed of trust, and that defendants be restrained from disposing of or selling said notes and be prevented from enforcing the same at a sale.

To this petition defendant Hanebrink, Hemmelmann and Spackler, filed a demurrer, for the following reasons:

First, because the second amended petition does not state facts sufficient to constitute a cause of action against these defendants for equitable relief.

Second, because it appears from the face of the second amended petition that the plaintiffs have an adequate remedy at law.

This demurrer was sustained and the plaintiffs declined to plead further; the bill was dismissed, and writ of error was sued out as stated.

The question for determination is whether the trial court rightly sustained the demurrer to the petition.

I. Briefly, the petition alleges that the plaintiff, Josephine Mahen, and her husband Joseph Mahen, owned the property in dispute, by entireties.

That she sued her husband for divorce and in that proceeding temporary alimony was allowed her, and the proceeding was afterwards dismissed. While that suit was pending Joseph Mahen attempted to convey his interest in the property to Dan Mahen, trustee, for his children.

*Fraud.*

That Josephine Mahen then caused execution to issue on the supposed judgment for alimony, which the petition alleges was no judgment; caused the interest of Joseph Mahen to be sold, and it was bid in at the sheriff's sale and conveyed to Hanebrink, the defendant.

That Frank B. Ruhr, Josephine's agent, fraudulently caused Hanebrink, his office clerk, to become the purchaser and had the conveyance made to him at a recited price much less than the value of the property; that no consideration was paid.

That Frank B. Ruhr fraudulently forged a deed with Josephine's signature to it, conveying her interest in the property to Hanebrink.

That afterwards, in 1914, Ruhr caused Hanebrink to execute a deed of trust to Hemmelmann, Jr., Trustee for Spackler, securing seven hundred dollars on this property.

That Frank B. Ruhr afterwards died and Elizabeth M. Ruhr was made his executrix.

That Spackler caused the property to be advertised for sale under the deed of trust. It is further alleged that Josephine and Joseph Mahen were all the time in possession of the real estate, treating it as their homestead.

Plaintiff asks to have the sheriff's deed made to Hanebrink annulled because there was no valid judgment under which the property was sold; she asks to have the deed purporting to convey her interest in the real estate canceled because it was forged, and asks to have the

deed of trust canceled because it and the notes which it described were procured by fraud.

These instruments all are void for a reason different from any assigned. Josephine and her husband held this property by the entireties. Being an estate by the entireties it was different from a joint tenancy or a tenancy in common, in that neither of the tenants by the entirety could convey his or her interest without being joined by the other; the interest of neither one could be levied upon or sold under judgment against such one. The law upon that subject was fully illustrated in a well-considered case, Stifel's Union Brewing Co. v. Saxey et ux., 273 Mo. 159, l. c. 162, 163.

*Estate by Entirety.*

The deed of Joseph C. Mahen, when he attempted to convey to Dan Mahen, Trustee, was void, and ineffective to convey his interest; the purported deed of Josephine Mahen, even if it were not forged, was ineffective to convey her interest; the levy and sale under execution was void because the interest of Joseph was not subject to levy. The plaintiff Josephine is not in position to allege the invalidity of that sale or judgment because she caused the execution and sale, but she did have a right to assert, and did assert, the fraudulent character of the purchase by her agent's office clerk. It follows necessarily that the deed of trust conveyed no interest because the parties executing it had no interest to convey.

*Agent's Fraud: Execution.*

II. The question is whether all these void instruments are a cloud upon the title which would warrant the interposition of a court of equity. In the early case of Merchants Bank v. Evans, 51 Mo. 335, this court held, l. c. 345, that where a defect is apparent on the face of the deed which is sought to be removed, the law will not entertain the jurisdiction, but where it requires legal acumen to discover the defect, whether it appears in a deed or proceedings, or has to be proven, the court will entertain jurisdiction to remove the cloud. That case has been cited and approved by many later cases. [Jewett v. Boardman, 181 Mo. l. c.

*Interposition of Equity.*

657; Pocoke v. Peterson, 256 Mo. l. c. 519; Maxwell v. Growney, 213 S. W. l. c. 429.] From those authorities it will appear that where the record does not show on its face to the ordinary searcher of the record, the invalidity of the instrument attacked, the court will interfere to remove the cloud.

Here the title was held by the entireties. To the ordinary abstracter, or to the lay mind, a distinction might not be discovered between a deed by the entireties and a joint tenancy or a tenancy in common. Certain words might change the entire effect of the instrument. Here was a conveyance, regular on its face, made by Mahen and purporting to convey his interest. Here was a deed, regular on its face, which purported to convey the interest of Josephine Mahen. Here was a sheriff's deed reciting a judgment and execution in due form. So far as the record shows, the casual observer would not penetrate the difference and ascertain that all these conveyances were void from the inability of the owners to convey. There might have been some dispute about the rule which makes them void until the case of the Brewing Company v. Saxey was promulgated in February, 1918. It evidently escaped the attention of counsel in this case, and probably had not been reported at the time the case was heard. We think the record sufficiently shows a cloud upon the title to warrant the interposition by a court of equity.

III. It is averred that other facts have occurred since the writ was sued out which make the matter a mere moot question to be determined. This by no means appears. It seems to be agreed by counsel that since this writ was sued out Dan Mahen, plaintiff and trustee for the minor children, purchased the deed of trust in question and refused to release it. It is claimed that thereby the defendants in error have no further interest in the case, one of the plaintiffs having acquired their interest. The effect of that transaction was to put Dan Mahen in the place of the defendants although he is nominally a plaintiff; he asserts the right which the defendants formerly asserted against

Moot Case.

Josephine C. Mahen. While he is nominally plaintiff, a court of equity having once acquired jurisdiction between the parties must do full justice between the parties. The new facts arising since the writ of error was sued out, therefore, do not dispose of the case.

The judgment is reversed and the cause remanded. *Railey* and *Reeves, CC.,* concur.

PER CURIAM:—The foregoing opinion by WHITE, C., is adopted as the opinion of the court. All of the judges concur.