

# Missouri Court of Appeals
## Southern District

### In Division

SAI NATH, LLC,  )
    )
    Plaintiff-Appellant,  )
    )
v.  )    No. SD37419
    )
GIRAKUMARI PATEL and  )    **Filed:  January 24, 2023**
SHAILESH D. PATEL,  )
    )
    Defendants/Cross-Claim  )
    Plaintiffs-Respondents,  )
    )
and  )
    )
DHANSUKHBHAI PATEL,  )
    )
    Cross-Claim Defendant-Appellant.  )

APPEAL FROM THE CIRCUIT COURT OF WRIGHT COUNTY

Honorable Elizabeth A. Bock

## AFFIRMED IN PART; REVERSED AND REMANDED IN PART

This case involves a dispute between members of a Missouri limited liability company ("LLC").  Appellants, Sai Nath, LLC ("Nath LLC") and Dhansukhbhai Patel ("D. Patel" – collectively, "Plaintiffs"), sued Respondents Girakumari Patel ("Geera"), a managing member of Nath LLC, and Geera's husband, Shailesh Patel ("Sonny" –

1

collectively, "Defendants"),[1] for money damages based upon allegations of conversion and breach of fiduciary duty. In three points on appeal, Plaintiffs challenge a judgment entered by the circuit court (after a three-day bench-trial) that denied Plaintiffs' claims and instead awarded Defendants $134,910.25 on Geera's cross-claim that asserted Nath LLC had breached its fiduciary duty to Geera.

Finding merit in two of Plaintiffs' points, we reverse the judgment in part, and we remand the case to the circuit court to enter an amended judgment that: (1) omits a judgment in favor of Sonny (who did not join in Geera's cross-claim and is not a member of Nath LLC) and (2) reduces the damages awarded to Geera to correspond with her personal investments in Nath LLC and her percentage of ownership of Nath LLC.

### Background

*The Parties*

Nath LLC was formed in 2008 for the sole purpose of owning and managing the Days Inn in Mountain Grove, Missouri. Nath LLC owned the Days Inn at all times relevant to this case, and that Inn was Nath LLC's "sole and primary" asset and source of income.

Geera owns 48% of the membership interest in Nath LLC, and she was initially designated as the managing member of Nath LLC, serving in that capacity from 2008 through 2016.

D. Patel owns a 52% interest in Nath LLC. Chetan Patel ("Chuck Patel") is D. Patel's son, and he acted as agent for D. Patel in regard to Nath LLC. On September 9, 2016, at the request of D. Patel, Chuck Patel terminated Geera's management of the Days

---

[1] Our use of parties' first names (or nicknames) is solely to avoid any confusion, and we intend no disrespect or familiarity.

2

Inn pursuant to Nath LLC's operating agreement. Chuck Patel then assumed the management of the Days Inn from that date through the end of trial.

*The Dispute*

At some point during her management of Nath LLC, Geera, along with her uncle, formed Sai Krupa, LLC ("Sai Krupa"). In 2009, Sai Krupa purchased the Royal Inn,[2] a lodging facility in Mountain Grove that competed with the Days Inn. Geera was the managing member of Sai Krupa, and she and Sonny managed the Royal Inn.

*The Claims at Trial*

In 2018, Nath LLC filed a one-count petition for conversion against Defendants. The petition alleged that Defendants owned the Royal Inn, a competing hotel, and Defendants had converted money and property owned by Nath LLC and used it to benefit themselves and/or the Royal Inn.

Geera responded by filing a cross-claim against D. Patel that asserted claims for breach of fiduciary duty, waste to the Days Inn, and asked the circuit court to partition the Days Inn property between the members of Nath LLC. Sonny did not join in Geera's cross-claim, and he was not mentioned in that pleading at all.

D. Patel then filed a counter cross-claim for money damages against Geera for breach of fiduciary duty and asked the circuit court to dissolve Nath LLC. In reply, Geera voluntarily dismissed her request to partition the real estate.

Prior to trial, the parties agreed to an interlocutory order of dissolution for Nath LLC, and it was included in the judgment. The circuit court denied Nath LLC's

---

[2] The Royal Inn was formerly the Travel Lodge, but the franchise for that hotel or motel was terminated, which required a change of name. The terms "hotel" and "motel" are used interchangeably throughout the record on appeal, and having no definitive answer as to which term is correct, we will do likewise.

3

conversion claim against Defendants, and it denied D. Patel's claim against Geera for breach of fiduciary duty. On Geera's cross-claim for breach of fiduciary duty against D. Patel, the circuit court entered a money judgment in favor of both Geera and Sonny for $134,910.25.

This appeal timely followed the entry of the judgment. We will recite additional evidence when necessary to address Nath LLC's points on appeal.

## Standard of Review

> When reviewing a court-tried case, we will affirm the trial court's judgment "unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Ivie v. Smith,* 439 S.W.3d 189, 198–99 (Mo. banc 2014). . . . "We defer to the trial court's determination of witness credibility and recognize that the court is free to accept or reject all, part or none of the testimony presented." *In re Estate of Blair,* 317 S.W.3d 84, 86 (Mo.App.S.D.2010). "We accept as true the evidence and inferences favorable to the prevailing party and disregard all contrary evidence." *Watermann v. Eleanor E. Fitzpatrick Revocable Living Trust*, 369 S.W.3d 69, 75 (Mo. App. E.D. 2012).

*Matter of Wilma G. James Trust*, 487 S.W.3d 37, 41 (Mo. App. S.D. 2016).

## Analysis

### *Point 1 – Judgment on a Claim Not Pleaded*

Plaintiffs' first point claims the circuit court erred in entering judgment in favor of Sonny and against D. Patel on Geera's cross-claim because Sonny was not a party to the cross-claim and was not a member of Nath LLC. We agree, as do Defendants.

Although Plaintiffs alleged that Defendants acted together in many instances relevant to this case, including their joint management of the Royal Inn, Sonny did not join in Geera's cross-claim against D. Patel. It is also undisputed that Sonny was not a

member of Nath LLC. Despite the absence of any claim for relief brought by Sonny, the judgment states:

> The Court finds in favor of [Geera and Sonny] and against Cross[-]claim Defendant [D.] Patel with respect to [Geera's and Sonny's] Cross[-]claim (Breach of Fiduciary Duty).
>
> . . . .
>
> IT IS FURTHER HEREBY[] ORDERED, ADJUDGED AND DECREED that [Geera and Sonny] are granted Judgment against Cross[-]claim Defendant [D.] Patel under Count I of the Cross[-]Claim in the sum of $134,910.25.

This portion of the judgment cannot stand. "A trial court may not enter judgment on a cause of action that a plaintiff did not plead." **Rosenfeld v. Boniske**, 445 S.W.3d 81, 89 (Mo. App. E.D. 2014) (quoting **Lonero v. Dillick**, 208 S.W.3d 323, 329 (Mo. App. E.D. 2006)). Because Sonny did not plead a breach of fiduciary duty claim against D. Patel, Sonny was not entitled to a judgment in his favor on that claim.

Point 1 is granted.

*Point 2 – Breach of Fiduciary Duty "as a Matter of Law"*

Plaintiffs' second point claims the circuit court erred in entering judgment in favor of Geera on D. Patel's cross-claim for breach of fiduciary duty because

> the [circuit] court's findings show that [Geera] breached her fiduciary duty to [Plaintiffs] while she was the manager of [Nath LLC], in that the [circuit] court found that [Geera] formed and was the majority and managing member of a limited liability company that purchased and operated a competing hotel in Mountain Grove while [Geera] was the Manager of [Nath LLC], and D. Patel presented evidence of damages resulting from that breach of fiduciary duty which the [circuit] court did not address in the Judgment.

We disagree.

5

We first note that Plaintiffs' point does not comply with Rule 84.04 as it fails to state the legal reason for the claim of reversible error in violation of Rule 84.04(d)(1)(B).[3] This failure is especially critical in a review governed by ***Murphy v. Carron***, 536 S.W.2d 30 (Mo. banc 1976), as here, because

> each *Murphy* ground is a separate, distinct legal claim. That is, "an 'against-the-weight-of-the-evidence' analysis which is distinctly different than a claim that a judgment is not supported by substantial evidence," *J.A.R. v. D.G.R.,* 426 S.W.3d 624, 630 (Mo. banc 2014), obviously differs also from claims that the trial court erroneously declared or applied the law. In turn, this means each *Murphy* ground is proved differently from the others *and* is subject to different principles and procedures of appellate review.

***Smith v. Great Am. Assur. Co.***, 436 S.W.3d 700, 703-04 (Mo. App. S.D. 2014) (footnote omitted). "To reiterate, we can only reverse on a ***Murphy*** ground, each of which differs from the others both as to proof and appellate review." ***Id.*** at 704. Plaintiffs' point is also multifarious in that it contains two separate claims instead of presenting a single claim of error. *See* Rule 84.04(d) and ***Barbieri v. Barbieri***, 633 S.W.3d 419, 432 (Mo. App. E.D. 2021). Multifarious points generally preserve nothing for appeal and are subject to dismissal. ***Id.***

Defendants did not complain about the multifarious nature of the point and did not request that it be dismissed. Instead, Defendants addressed it by arguing that the circuit court's rejection of D. Patel's counter cross-claim for breach of fiduciary duty was "supported by substantial evidence and law[.]" With some trepidation, we will review the non-compliant point, as best we understand it, *ex gratia*. *See **Scott v. King***, 510 S.W.3d 887, 892 (Mo. App. E.D. 2017).

---

[3] All rule references are to Missouri Court Rules (2021).

6

The existence of a fiduciary duty is a question of law, but whether that duty was breached is a question of fact. ***W. Blue Print Co. v. Roberts***, 367 S.W.3d 7, 15 (Mo. banc 2012). In a court-tried case, whether a person breached her fiduciary duty to another is a factual determination for the circuit court, and we defer to its findings. ***Id.*** *See also **Watermann***, 369 S.W.3d at 76. The parties agree that a fiduciary duty existed in this case, but they disagree on whether Geera breached that duty.

Neither Nath LLC nor D. Patel has identified any Missouri cases that hold, as a matter of law, that a manager or member of an LLC breaches her duty to the LLC or the other members by participating in the ownership or management of a competing business, and Plaintiffs have not claimed that her conduct was in violation of a specific section of the company's operating agreement.

After three days of extensive testimony on the issues, the circuit court found that Plaintiffs had failed to meet their burden to prove that Geera had breached her fiduciary duty to either Nath LLC or D. Patel, and the judgment set forth a number of specific findings regarding that issue.

The circuit court first found that Shannon Heating and Cooling provided air-conditioning and heating services to both Days Inn and Royal Inn during 2009 through–2016, making a total of 71 service calls to those properties. The circuit court found that on 13 separate occasions, a bill for equipment or services benefitting the Royal Inn was inadvertently paid from the Days Inn bank account. Specifically, the circuit court found that the errors were "due to inadvertent, excusable mistake . . . and [did] not constitute an intentional act, gross negligence, bad faith, or wanton or willful misconduct[,]" and Defendants had reimbursed Days Inn for the accounting oversight.

7

Although a judgment in favor of a party that does not bear the burden of proof needs no evidence supporting it, *White v. Dir. of Revenue*, 321 S.W.3d 298, 305 (Mo. banc 2010), the circuit court explicitly found the following allegations of misconduct against Defendants "unfounded and unproven":

- Defendants used Nath LLC's money to pay for services, products, and/or materials that were for the benefit of Defendants and/or the Royal Inn;

- Defendants took money belonging to Nath LLC;

- Defendants converted property belonging to Nath LLC for personal use;

- Defendants failed to file an insurance claim for roof damage and failed to make roof repairs;

- Defendants failed to cooperate with accountants on their requests for information;

- Defendants used employees of Nath LLC and the Days Inn to provide labor at Sai Krupa/the Royal Inn;

- Defendants used unlicensed and unqualified labor to perform repairs and maintenance on company property;

- Defendants failed to maintain the company property in good condition resulting in diminution in value;

- Defendants used Nath LLC funds to purchase mattresses, TVs, air conditioners, microwaves, linens, and refrigerators for use at Sai Krupa and/or the Royal Inn;

- Geera abandoned her management duties and refused to cooperate with the payment of the Days Inn's debts; and

- Defendants used confidential customer information to steal business from the company for the benefit of Sai Krupa/Royal Inn.

In addition to disbelieving the allegations of wrongdoing against Defendants, the circuit court found that D. Patel and/or Chuck Patel had actually mismanaged and substantially devalued Nath LLC after taking over its management in September 2016.

8

During the years which [Geera] served as manager (prior to 9/2016), [Nath LLC] averaged annual Total Revenue in the sum of $378,033.00. As of end of business year 2018, [Nath LLC]'s annual total revenue had been reduced to the sum of $276,962.00 under management of [D. Patel] and/or [Chuck Patel], which resulted in a $101,071.00 loss annually from that which was generated under management of [Geera]. The Days Inn Motel has been operating at a loss of $8,000.00 a month.

The circuit court also found that the fair market value of the Days Inn property had increased under Geera to $1,140,000 in 2015, while it had decreased under the mismanagement of D. Patel and/or Chuck Patel to a value of $850,000 in 2019, and D. Patel and Chuck Patel had caused the Days Inn to incur significant additional fees due to their failure to turn in loan paperwork to the bank, failing inspections that resulted in reinspection fees, filing tax returns late, and incurring overdraft and insufficient funds charges by the bank.

In light of these findings, we need not decide whether a breach of fiduciary duty occurs simply by a member owning or managing a competing business. To obtain a civil judgment, the plaintiff must prove the existence of a duty, a breach of that duty, *and* resulting damages. ***Robert T. McLean Irrevocable Trust v. Patrick Davis, P.C.***, 283 S.W.3d 786, 792-93 (Mo. App. S.D. 2009). Here, the circuit court did not credit the evidence presented by Plaintiffs and found that Defendants' actions did not damage Plaintiffs. Point 2 fails.

*Point 3 – Some Damages Were Awarded to the Wrong Party*

Point 3 claims:

The [circuit] court erred in entering judgment in favor of [Defendants] for the full amount of damages incurred by [Nath LLC], because the [circuit] court misapplied the law in awarding damages incurred by [Nath LLC] to [Defendants], in that the [circuit] court award to [Defendants] included six specific items of damages, re-inspection fees, loan renewal bank penalties, loan renewal bank fees, overdraft and insufficient funds

9

charges, penalties and interest from late tax returns, and additional accounting fees, which it found were incurred by [Nath LLC], and the items of damages incurred by [Nath LLC] should have been awarded to [Nath LLC] or [Geera] should have been award [sic] a portion of those damages equal only to her membership interest in [Nath LLC].

The circuit court found that Nath LLC incurred the following six items of damages, totaling $43,212.92, that resulted from the actions of Chuck Patel and D. Patel:

- Reinspection fees totaling $19,521.75;[4]

- Bank penalties totaling $5,684.63;

- Bank late fees totaling $253.13;

- Overdraft and insufficient funds charges totaling $3,437.86;

- Penalties and interest from late tax returns in the amount of $12,085.55; and

- Additional accounting fees of $2,230.

The circuit court also found that Defendants had invested in and contributed loans to Nath LLC totaling $91,697.33, and Chuck Patel's and D. Patel's mismanagement of Nath LLC after September 2016 had prevented Defendants from recouping or earning a profit on those investments.

The circuit court granted judgment to Defendants and against D. Patel under Count 1 of Geera's cross-claim in the amount of $134,910.25 – the total amount of the money damages outlined above.

The parties do not dispute that $91,697.33 of that total amount was correctly awarded to Geera as the amount of her personal investments in and contributions to Nath LLC. As to the remaining $43,212.92 ($134,910.25 - $91,697.33 = $43,212.92),

---

[4] The circuit court's judgment states that Geera and Sonny incurred the reinspection fees, but the only evidence at trial was that the reinspection fees were borne by Nath, LLC.

Plaintiffs argue that Geera is not entitled to recover that total remaining amount because it was incurred by Nath LLC, not by Geera. As a result, Plaintiffs argue that "either [Nath LLC] should be awarded [that portion of the] total damages or [Geera] should be awarded only her [ownership percentage] portion of [Nath LLC's] damages."[5]

Defendants agree on the nature of the damages awarded, stating that "[s]ix of the seven items of pecuniary loss were either paid expenses or liabilities of [Nath LLC,] totaling $43,212.92[,] and the seventh item was for personal investments by [Geera[6]] in [Nath LLC] in the amount of $91,697.33." Defendants also concede that, should we find the circuit court's award to Geera constitutes a windfall, "this court may modify the judgement [sic] to reduce the $43,212.92 portion of the award to Geera's ownership interest in [Nath] LLC of 48%."

We agree that the circuit court misapplied the law in awarding Geera 100% of the damages incurred by Nath LLC. To award the entire $43,212.92 to Geera, a member with a 48% interest in Nath LLC, would make Geera more than whole – a windfall prohibited by law. *See* ***Jungers v. Webster Elec. Coop., Inc.***, 577 S.W.3d 498, 505 (Mo. App. S.D. 2019).

Point 3 is granted.

### Conclusion

The judgment is affirmed in part, reversed in part, and the matter is remanded to the circuit court, which is directed to enter an amended judgment that: (1) removes Sonny's name from the damages awarded on Geera's cross-claim for breach of fiduciary

---

[5] Because the judgment dissolved Nath LLC, the only viable alternative suggested is to lower the amount of the award made to Geera to conform to her 48% ownership of Nath LLC.

[6] Although the judgment awarded the damages to Geera and Sonny, as explained in our analysis of Point 1, Sonny was not entitled to any part of that award.

duty against D. Patel (as Sonny was not a party to that claim) and (2) reduces the damages award on Geera's cross-claim for breach of fiduciary duty to $112,439.53.[7] All other aspects of the judgment are affirmed.

DON E. BURRELL, J. – OPINION AUTHOR

JACK A. L. GOODMAN, J. – CONCURS

JENNIFER R. GROWCOCK, J. – CONCURS

---

[7] The award to Geera on her cross-claim for breach of fiduciary duty was broken down as follows: $91,697.33 that represented the amount of Geera's loss for her own personal investments in and contributions to Nath LLC, and $43,212.92 for damages caused to Nath LLC by Chuck Patel's and/or D. Patel's mismanagement. Geera should be awarded 100% of her contributions to Nath LLC ($91,697.33), but only 48% of the damages that the circuit court found accrued to Nath, LLC (conforming to the percentage of Geera's ownership of Nath LLC). Thus, Geera's total damages award should equal $112,439.53 (.48 x $43,212.92 ($20,742.20) plus $91,697.33).