John Randolph BAKEWELL,
Appellant,

v.

Laurie K. BREITENSTEIN, Successor Trustee of the Janice M. Bakewell Living Trust Dated July 2, 2010, Respondent,

Jerry D. Lawson, Trustee for Citifinancial Services, Inc., Respondent,

and

John Randolph Bakewell, Personal Representative of the Estate of Janice M. Bakewell Living Trust Deceased 7/19/10, Respondent.

No. WD 73914.

Missouri Court of Appeals,
Western District.

Feb. 21, 2012.

John Randolph Bakewell, Appellant pro se.

David G. Bandre', for Respondent Breitenstein.

Matthew A. Clement, for Respondent Lawson.

Before Division Two: MARK D. PFEIFFER, Presiding Judge, JOSEPH M. ELLIS, Judge and VICTOR C. HOWARD, Judge.

JOSEPH M. ELLIS, Judge.

John Bakewell ("Mr. Bakewell"), pro se, appeals from the trial court's partial summary judgment in favor of Laurie Breitenstein ("Ms. Breitenstein") and Jerry Lawson ("Mr. Lawson"). Because we conclude that the trial court's partial summary judgment is not eligible for interlocutory appeal under Rule 74.01(b), we dismiss Bakewell's appeal and remand this matter to the trial court for further proceedings.

**Factual and Procedural History**

These facts are undisputed. Mr. Bakewell and Janice Bakewell ("Ms. Bakewell") were married in 1977. In 1989, the couple purchased a home located at 241 Fredricks Lane, Jefferson City, Missouri, ("the Property"). In 2004, Ms. Bakewell filed for legal separation from Mr. Bakewell. In 2005, the Cole County circuit court entered a judgment and decree of legal separation ("the Separation Judgment"), in which the trial court approved a property settlement agreement and divided the marital property and debts between Mr. Bakewell and Ms. Bakewell. Pursuant to the Separation Judgment, Ms. Bakewell was awarded the Property as her sole and separate property. The Separation Judgment ordered that Mr. Bakewell shall have no right, title, or interest in or to the Property. The Separation Judgment further ordered the parties to "execute appropriate deeds, quit claims, and ... other documents as are necessary to show sole ownership of the items of real and personal property awarded to each." In compliance with the Separation Judgment, Mr. Bakewell executed a quit-claim deed ("the Quit–Claim Deed") dated February 28, 2005, wherein Mr. Bakewell purported to "Remise, Release and forever Quit–Claim" the Property to Ms. Bakewell "in conformance with [the Separation Judgment]." The Quit–Claim Deed was recorded on July 8, 2005, with the Cole County Recorder of Deeds.

In 2008, Citifinancial Services ("Citifinancial") extended credit to Ms. Bakewell in the principal sum of $47,100.62. Ms. Bakewell executed a deed of trust ("the Deed of Trust") in favor of Citifinancial granting it a lien on the Property to secure payment. Mr. Lawson is the trustee on the Deed of Trust.

On July 2, 2010, Ms. Bakewell conveyed the Property into a trust, specifically to "Janice M. Bakewell as Trustee of the 'Janice M. Bakewell Living Trust Dated July 2, 2010'" ("Trust"). Ms. Breitenstein was named as the successor trustee of the Trust.

On July 19, 2010, Ms. Bakewell died. On the date of Ms. Bakewell's death, she and Mr. Bakewell were still married, though legally separated pursuant to the Separation Judgment.

On August 30, 2010, Mr. Bakewell filed suit against Ms. Breitenstein, as successor trustee of the Trust, and against Lawson, as trustee for Citifinancial on the Deed of

Trust.[1] Mr. Bakewell asserted three counts: Count I (for declaratory judgment seeking to void the quit claim deed he executed in favor of Ms. Bakewell); Count II (for declaratory judgment seeking to void the Deed of Trust in favor of Citifinancial); and Count III (for declaratory judgment seeking to void the deed from Ms. Bakewell to the Trust). Mr. Bakewell claimed with respect to Count I that the quit claim deed he executed conveyed nothing because he was the sole grantor. Since Mr. and Ms. Bakewell had held title to the Property as tenants by the entirety, Mr. Bakewell argued that title to the property could only be conveyed to Ms. Bakewell by a quit claim deed naming both Mr. and Ms. Bakewell as grantors. Mr. Bakewell claimed with respect to Counts II and III that the respective conveyances of the Deed of Trust and of title to the Property into the Trust were void because his inheritance and statutory rights as a surviving spouse pursuant to section 474.120 were not waived or conveyed by him, nor affected by the Separation Judgment.

Mr. Bakewell, Ms. Breitenstein, and Mr. Lawson each filed motions for summary judgment. The motions for summary judgment filed by Ms. Breitenstein and Mr. Lawson each sought summary judgment as to Counts I, II, and III of Mr. Bakewell's petition.

On March 1, 2011, the trial court entered the following bench note:

Order. Court finds that John Randolph Bakewell has no right, title, or interest in the subject real estate. Counsel for Breitenstein to prepare proposed judgment and submit the same to the court in electronic form, sustaining Respondents' [Ms. Breitenstein's and Mr. Lawson's] Motion for summary judgment.

On April 7, 2011, the trial court signed a judgment titled "Partial Summary Judgment" ("Judgment"). Relevant to this Opinion, the Judgment finds:

1. There is no genuine issue as to material facts related to the lawful ownership of the real estate located at 241 Fredricks Lane, Jefferson City, Missouri (hereinafter referred to as the "Real Estate"), . . . .

2. *Only the issues of ownership and title to the Real Estate and the validity of Defendant Lawson's interests therein were covered by the Motions for Summary Judgment, such that this Judgment does not fully and completely resolve all issues currently pending in this cause* . . . .

4. Defendants Breitenstein and Lawson are entitled to judgment as a matter of law as to the issue of ownership of the Real Estate and the validity of the claims of the Janice M. Bakewell Living Trust dated July 2, 2010 and the Citifinancial Services, Inc.

5. Defendants Breitenstein and Lawson are hereby granted summary judgment in their favor on the issues of extinguishment of any claim of [Mr. Bakewell] to the Real Estate. . . .

6. Citifinancial has a valid claim and security interest in the Real Estate. . . .

7. *This is a final and appealable judgment as of the date of this order as there is no just cause for delay.*

7. [sic] *Issues pertaining to the payment of costs and attorneys fees are to be taken at the ultimate trial of the case as a whole, or at such further hearing of the Court in which all re-*

---

1. Mr. Bakewell also named himself as a defendant in his capacity as the personal representative of the Estate of Janice M. Bakewell, Deceased, pursuant to letters of administration issued him on August 17, 2010.

*maining claims are fully and finally addressed.*

(Emphasis added).

This appeal followed.

### Finality of Judgment

■ Before addressing the merits, we are obliged to consider our authority to entertain this appeal. We have authority to review a case upon the issuance of a "final judgment" by a trial court. *§ 512.020;*[2] *Rule 74.01(a).* "If the judgment is not final, we lack authority to consider the case and must dismiss the appeal." *Stewart v. Liberty Mut. Fire Ins. Co.,* 349 S.W.3d 381, 384 (Mo.App. W.D.2011) (citing *Fischer v. City of Washington,* 55 S.W.3d 372, 377 (Mo.App. E.D. 2001)). "As a general rule, a final judgment must dispose of all parties and all issues in the case and leave nothing for further determination." *Id.* (citing *Goodson v. Nat'l Sports & Recreation, Inc.,* 136 S.W.3d 98, 99 (Mo.App. E.D.2004)).

■ The Judgment, which is denominated as a "partial summary judgment," advises that certain limited issues have been determined and that the Judgment does not fully resolve all issues or claims in the case. By its express terms, therefore, the Judgment is not a final judgment. Rule 74.01(b) does, however, provide an exception to the general rule requiring a final judgment as a condition of the invocation of our authority to entertain an appeal. Rule 74.01(b) "permits the trial court to designate a final judgment 'as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay.' " *Stewart,* 349 S.W.3d at 384. Though the trial court did conclude in its Judgment that "[t]his is a final and appealable judgment as of the date of this order as there is no just cause for delay," this

"designation ... is not conclusive. It is the content, substance, and effect of the order that determines finality and appealability." *Gibson v. Brewer,* 952 S.W.2d 239, 244 (Mo. banc 1997) (internal citations omitted). For a trial court's designation that its judgment is final for purposes of appeal to be effective, the "order [must] dispose[ ] of a distinct 'judicial unit.' " *Id.* "The required 'judicial unit for an appeal' has a settled meaning: 'the final judgment on a claim, and not a ruling on some of several issues arising out of the same transaction or occurrence which does not dispose of the claim.' " *Id.* (quoting *State ex rel. State Hwy. Comm'n v. Smith,* 303 S.W.2d 120, 123 (Mo.1957)).

Applied to the case before us, we necessarily conclude that the Judgment, as drafted and entered, did not dispose of a "judicial unit." We reach this conclusion because the judgment is contradictory and confusing. As noted, Count I of the petition sought a declaration that the quit claim deed was "null and void" and that Mr. Bakewell was the owner of the real estate. Count II prayed for a declaration that the Citifinancial Deed of Trust was "null and void *ab initio.*" And Count III requested a declaration that the deed from Ms. Bakewell to the Trust was null and void.

The "Partial Summary Judgment" declares that "Breitenstein and Lawson are entitled to judgment as a matter of law as to the issue of ownership of the Real Estate and the validity of the claims of the Janice M. Bakewell Living Trust dated July 2, 2012 and the Citifinancial Services, Inc." The judgment goes on to expressly rule against Mr. Bakewell on the merits of each of the three Counts in his petition and rejects the relief sought therein. The judgments states:

**2.** All statutory references are to RSMo 2000 unless otherwise noted.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

5. Defendants Breitenstein and Lawson are hereby granted summary judgment in their favor on the issues of extinguishment of any claim of [Mr. Bakewell] to the Real Estate. Following the Judgment and Decree of Legal Separation dated February 17, 2005, and the execution and filing of the Quit-Claim deed recorded with the Recorder of Deeds for Cole County, Missouri at Book 521, Page 990, the Real Estate became the sole and separate property of Janice M. Bakewell. John Randolph Bakewell has no right, title or interest to the Real Estate.

6. Citifinancial has a valid claim and security interest in the Real Estate due to their Deed of Trust recorded at Book 569, Page 764.

In light of these rulings, we perceive nothing left to decide with regard to the three counts of the petition. It appears that all judicial units are disposed of by these rulings.

Yet the document is denominated "Partial Summary Judgment" and also states that "this Judgment does not fully and completely resolve all issues currently pending in this cause," and that "[i]ssues pertaining to the payment of costs and attorney fees are to be taken at the ultimate trial of the case as a whole, or at such further hearing of the Court in which all remaining claims are fully and finally addressed." But for this language, as noted *supra*, we would deem the judgment to have disposed of all parties and issues in the case. However, the trial court obviously believes some issues are still in need of determination. Because of this, we cannot say conclusively that the judgment is a final judgment, nor can we say with certainty that it disposes of a distinct judicial unit or units entitling it to interlocutory appeal pursuant to Rule 74.01(b).

## Conclusion

Mr. Bakewell's appeal is dismissed. This matter is remanded for further proceedings consistent with this opinion.

All concur.