

# In the
# Missouri Court of Appeals
## Western District

| | |
|---|---|
| NANCY JO JENNINGS,<br>ADMINISTRATOR PENDENTE LITE<br>OF THE ESTATE OF BERTHA<br>BLANCHE DON CARLOS, DECEASED, | WD77496 |
| **Appellant,** | OPINION FILED: |
| v. | December 16, 2014 |
| RUSSELL E. ATKINSON, | |
| **Respondent.** | |

**Appeal from the Circuit Court of Johnson County, Missouri**
**The Honorable Garrett R. Crouch, II, Judge**

**Before Division Four: Alok Ahuja, C.J. Presiding,**
**James Edward Welsh, J., and Tracey Mason-White, Sp. J.**

Nancy Jo Jennings, in her capacity as administrator *pendente lite* of the Estate of Bertha

Blanche Don Carlos ("the Estate"), appeals the circuit court's judgment in favor of Russell E.

Atkinson on her Petition for Discovery of Assets of the Estate.  We reverse and remand.

### Background

Franklin Don Carlos ("Franklin") and Bertha Don Carlos ("Bertha")[1] were married on

March 28, 1935.  Eleven years later, the married couple acquired 277.8 acres of property in

---

[1]We refer to Franklin and Bertha Don Carlos by their first names for ease of reference only.  No disrespect
is intended.

Johnson County, Missouri ("the Johnson County property"), pursuant to a warranty deed dated March 1, 1946.[2]

On December 10, 1993, Franklin and Bertha, as husband and wife, executed and recorded a beneficiary deed that conveyed the Johnson County property to Russell Ray Atkinson, effective upon the "death of the last to die of these grantors."

Less than a year later, on August 18, 1994, Franklin and Bertha, as husband and wife, executed and recorded a warranty deed conveying this same property to *Bertha*, individually. That warranty deed recites that "Franklin Don Carlos and Bertha B. Don Carlos, husband and wife, grantors, [do] grant, bargain and sell, convey and confirm, unto Bertha B. Don Carlos, . . . grantee, her heirs and assigns," the Johnson County property. The deed further states that the grantors are "lawfully seized of an indefeasible estate, in fee."

Bertha died on September 8, 2009. She was preceded in death by Franklin.[3] Nancy Jo Jennings was appointed as administrator *pendente lite* of Bertha's probate estate. In January 2013, Jennings filed a "Petition for Discovery of Assets" alleging that the 1994 warranty deed conveying the Johnson County property to Bertha transferred "the owner's interest in [the] property" and, thus, had terminated the beneficiary deed in favor of Atkinson by operation of law. Jennings asked the circuit court to enter judgment directing the surrender of the Johnson County property as an asset of Bertha's Estate and to enter judgment in favor of the Estate for "all losses, expenses, damages and lost profit."

---

[2]The legal description of the property is:

Lots 1 and 2 of the northeast quarter of section 3, the east half of lot 3 of the northeast quarter of section 3, and the west half of lots 1 and 2 of the northwest quarter of section 2; all in township 44, range 27, in Johnson County, Missouri.

[3]The record filed with this court does not disclose the date of Franklin's death.

Atkinson asserted in his Answer that he was the rightful owner of the property based upon the beneficiary deed executed by Franklin and Bertha "and that during the owner's lifetime there was never a transfer of the owner's interest in the property, and, therefore, the beneficiary designation in favor of [Atkinson] was never terminated."

At a bench trial in March 2014, Jennings offered, and the court received into evidence, certified copies of the 1946 warranty deed conveying the property to Franklin and Bertha, Franklin and Bertha's 1935 marriage license, the 1993 beneficiary deed in favor of Atkinson, and the 1994 warranty deed conveying the property to Bertha, individually. The parties presented no further evidence.

The circuit court entered judgment in favor of Atkinson. The court found that the 1993 beneficiary deed in favor of Atkinson was not terminated by the 1994 warranty deed, that the beneficiary deed became effective upon the death of Bertha, and that the property was not an asset of Bertha's Estate.

Jennings appeals.

## Discussion

The decisive issue in this appeal is whether the warranty deed that Franklin and Bertha executed in August 1994 terminated their 1993 beneficiary deed in favor of Atkinson. Jennings contends that the circuit court erred in concluding that the 1994 warranty deed did *not* revoke the earlier beneficiary deed. She notes that, pursuant to statute, a conveyance during the owners' lifetime of the owners' interest in property terminates the beneficiary designation with respect to the property transferred and, here, Franklin and Bertha, as husband and wife, conveyed their interest in the property via warranty deed *after* executing and recording the beneficiary deed.

3

Our review of this judge-tried case is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), under which we will affirm the circuit court's judgment unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Pearson v. Koster*, 367 S.W.3d 36, 43 (Mo. banc 2012). Where, as here, the issue is strictly a question of law, we apply *de novo* review. *Id*. We give no deference to the circuit court's rulings on questions of law. *Id*. at 43-44.

Resolution of this matter requires the interpretation and application of various statutes. Statutory interpretation is a question of law. *Bohr v. Nodaway Valley Bank*, 411 S.W.3d 352, 356 (Mo. App. 2013). "The primary rule of statutory construction is to determine the intent of the legislature from the plain and ordinary meaning of the words used in the statute." *Id*. "To give effect to the legislature's intent, the words should be construed within the context of the legislature's purpose in enacting the law." *Id.*

In 1989, the Missouri Legislature enacted Chapter 461, the "Nonprobate Transfers Law."[4] *Id*. The Law "created an informal means by which property, including real property, could be transferred outside of probate, and without consideration, by a 'beneficiary designation' that could be revoked at anytime, and that would not become effective to convey the property until the death of the grantor." *Id*. at 356-57. In section 461.025, the Law creates a deed unrecognized in the common law: the "beneficiary deed." *See Pippin v. Pippin*, 154 S.W.3d 376, 379 (Mo. App. 2004); Ziegenhorn, *Legal Forms*, 6 MISSOURI PRACTICE SERIES, § 2:182, Author's Comment (a) (2003). Under that statute, if a deed "expressly states that the deed is not to take effect until the death of the grantor," and it is recorded in the county where the property is

---

[4]All statutory references to the provisions of Chapter 461 herein are to the Revised Statutes of Missouri (RSMo), Cum. Supp. 1989, except where otherwise noted. Chapter 461 was revised in 1995, and a minor change was made to section 461.025 in 1994, but these revisions have no effect on our analysis here.

located, then the deeded property interest will be conveyed to the beneficiary upon the grantor's death. § 461.025.1.[5] Neither party contends that the beneficiary deed that Franklin and Bertha executed in favor of Atkinson failed to comply with the statute's requirements.

The relevant statutes also make clear that, prior to the death of the owner, the beneficiary has no rights in the property, and transactions respecting the property may be made by the owner without the signature or agreement of the beneficiary. § 461.031.1. Consistent with this, a beneficiary deed "may be revoked in whole or in part and the beneficiaries changed during the lifetime of an owner or surviving joint owner." § 461.033.1; *see Hammack v. Coffelt Land Title, Inc.*, 348 S.W.3d 75, 83 (Mo. App. 2011). One means by which a beneficiary deed may be revoked or terminated is by "conveyance" during the owner's lifetime of the owner's interest in the property, with or without consideration. § 461.033.6. That statute provides, in pertinent part:

> A conveyance or assignment during the owner's lifetime of the owner's entire interest in property subject to a nonprobate transfer arrangement, with or without consideration, . . . terminates rights under a beneficiary designation and all interest of the beneficiaries in the property and in the proceeds from the property.

*Id*. "Conveyance" is defined as a "transfer of title to land from one person, or class of persons, to another by deed." BLACK'S LAW DICTIONARY 333 (6th ed. 1990 West). Thus, "the grantor's simple act of transferring his interest in property [that is] subject to a beneficiary deed, during his lifetime, supersedes and terminates a beneficiary designation with respect to that same property."

---

[5]The 1989 version of section 461.025.1 provided:

A deed that conveys an interest in real property to grantee beneficiaries designated by the grantor or grantors, that expressly states that the deed is not to take effect until the death of the grantor, or last to die of two or more grantors, transfers the interest provided to the designated grantee beneficiaries who survive, effective on death of the grantor or last to die of two or more grantors, if the deed is executed and filed of record with the recorder of deeds in the city or county or counties in which the real property is situated prior to the death of the grantor or last to die of two or more grantors. A beneficiary deed need not be supported by consideration or be delivered to any grantee beneficiary.

5

*Hammack v. Coffelt Land Title, Inc.*, 284 S.W.3d 175, 180 (Mo. App. 2009) (Ahuja, J., concurring).

Here, in ruling on this issue, the circuit court interpreted Jennings's argument as a claim that Franklin's and Bertha's 1994 conveyance "severed the tenancy by the entirety and changed [Bertha's] form of ownership." The court noted that the term "owner" in the Nonprobate Transfers Law includes "joint owners"[6] and that "joint owners" include "a husband and wife who hold property as tenants by the entirety." § 461.005(5), RSMo Cum. Supp. 2009. The court then opined that "whether or not the 1994 warranty deed severed the tenancy by the entirety ownership, . . . the property was ***not transferred to a third party***" and Bertha "***at all times continuously*** from March 1, 1946, until her death September 8, 2009, was by definition ***an owner of the property***"; thus, "the beneficiary deed was not revoked." (Emphasis added.)

We disagree. Franklin and Bertha were husband and wife when they acquired the Johnson County property via warranty deed in 1946. Thus, although the 1946 deed did not so specify, it nevertheless created a *prima facie* "tenancy by the entirety." *See Bakewell v. Breitenstein*, 396 S.W.3d 406, 412 (Mo. App. 2013) (citing *Ronollo v. Jacobs*, 775 S.W.2d 121, 123 (Mo. banc 1989) (a deed conveying realty to a husband and wife is presumed to create a tenancy by the entirety)). Under Missouri law, "[t]he distinctive characteristic of an estate by the entirety is that it is deemed to be owned by a single entity, the marital community." *In re Estate of Blair,* 317 S.W.3d 84, 89 (Mo. App. 2010) (citing *Stewart v. Shelton*, 201 S.W.2d 395, 398 (Mo. 1947)). "Where land is held by the entirety, the husband and wife hold it not as separate

---

[6]"Owner" is defined as "a person or persons having a right, exercisable alone or with others, regardless of the terminology used to refer to the owner in any written beneficiary designation, to designate the beneficiary of a nonprobate transfer, and includes joint owners." § 461.005(8), RSMo Cum. Supp. 2009. We note that the phrase "and includes joint owners" was not added to this definition until the 1995 amendments. This subdivision provides, however, that its revised provisions apply to all beneficiary deeds, including those "executed and filed on or before August 28, 2005[.]" *Id*.

6

individuals but as one person[.]" *Johnson v. Cook,* 167 S.W.3d 258, 263 n.4 (Mo. App. 2005). Because the estate is deemed to be "owned by a single entity, 'neither spouse has any . . . interest which may be conveyed, encumbered or devised by his or her *sole* act.'" *Bakewell*, 396 S.W.3d at 412 (citations omitted). "[A] tenancy by the entirety may be terminated or severed only by joint and mutual action on the part of husband and wife." *Id.*[7]

Here, Franklin and Bertha "jointly and mutually" executed the 1994 warranty deed in favor of Bertha. Missouri law specifically provides for this type of transaction. Section 442.025.2[8] permits a conveyance by two or more grantors to one or more of the *same* persons as grantees, and the conveyance has the same effect "as if it were a conveyance from a stranger who owned the real estate, to the persons named as grantees in the conveyance." Subsection .3 provides that "[a]ny 'person' mentioned in this section may be a married person, and any 'persons' so mentioned may be persons married to each other." § 442.025.3, RSMo 1994. Thus, section 442.025 authorizes married persons to convey property owned as tenants by the entirety to one spouse by naming both spouses as grantors and one spouse as grantee. Such a conveyance "destroy[s] the tenancy by the entirety," as stated in *Bakewell*, 396 S.W.3d at 412, n.11, and

---

[7]"This principle has been consistently applied to void a conveyance instrument executed by only one tenancy by the entirety spouse[, including] a quitclaim deed wherein one . . . spouse purports to transfer his or her interest to the other." *Bakewell*, 396 S.W.3d at 412 (citing *Blair*, 317 S.W.3d at 89). In *Blair*, the appellate court found that a quitclaim deed executed by Wife to Husband was ineffective to destroy the tenancy by the entirety and vest the entire estate in Husband because Wife was the only grantor named in the quitclaim deed, and a "deed by only one of two tenants by the entirety conveys nothing." 317 S.W.3d at 89. Conversely, here, the circuit court concluded, in essence, that Bertha's 1994 conveyance "conveyed nothing" in terms of her interest in the property. This is incorrect; as we explain herein, a deed by both tenants by the entirety conveys *everything*.

[8]Section 442.025.2, RSMo 1994, provides that:

Any two or more persons owning real estate, or any interest therein, which they have the power to convey, may effectively convey such real estate by a conveyance naming one, or more than one, or all such persons as grantees, and the conveyance has the same effect, as to whether it creates a separate ownership, or a joint tenancy, or tenancy by the entireties, or tenants in common, . . . as if it were a conveyance from a stranger who owned the real estate, to the persons named as grantees in the conveyance.

"create[s] separate ownership" in the grantee spouse. *Blair*, 317 S.W.3d at 89 n.3. As a result of this statute, it is not necessary in Missouri for a married couple to use a third party, or "straw man," as was the case under the common law.[9] Thus, contrary to the circuit court's suggestion, there was no need for the property to first be "***transferred to a third party***."

As tenants by the entirety, Franklin's and Bertha's interest in the Johnson County property belonged to the marital community until they executed the 1994 warranty deed. *See Blair*, 317 S.W.3d at 89. In 1994, when Franklin and Bertha joined together as "grantors" to convey the marital community's interest in the property to Bertha, this destroyed the tenancy by the entirety and created separate ownership in Bertha. *See Bakewell*, 396 S.W.3d at 412, n.11; *Blair*, 317 S.W.3d at 89 n.3. Bertha was not "***at all times continuously*** from March 1, 1946 until her death September 8, 2009, . . . ***an owner of the property***," as the circuit court found.

Franklin's and Bertha's joint execution of the 1994 warranty deed was a "conveyance" of the "owner's" (the marital community's) entire interest in the Johnson County property, as contemplated in section 461.033.6. *See* § 442.460, RSMo 1994 ("every conveyance of real estate shall pass all the estate of the grantor therein," unless the language of the grant indicates otherwise). As explained in *Groh v. Ballard*, under 461.033.6, "***any transfer*** of the property during the owner's lifetime terminates the beneficiary's interest in the property." 965 S.W.2d 872, 873 n.1 (Mo. App. 1998) (emphasis added). Here, Franklin and Bertha, during their

---

[9]"At common law, a husband cannot by deed convey directly to his wife the legal title in lands, nor can a wife convey directly to her husband. . . ." 41 C.J.S. *Husband and Wife* § 193 (2014). Rather, "[a] party may convey property to a spouse through the medium of a third person. . . ." *Id.* at § 194. But "[w]here the statutes permit a direct conveyance between spouses, the intervention of a third person is not necessary." *Id.* For discussion of this concept in Missouri prior to the enactment of section 442.025 in 1953, *see* Willard L. Eckhardt, *Property Law in Missouri--Joint Tenancies and Tenancies by Entireties--Direct Conveyances*, 27 Mo.L.Rev. 65 (1962).

8

lifetimes, transferred the marital community's entire interest in the property to Bertha, thereby terminating Atkinson's beneficiary interest in the property, pursuant to section 461.033.6.[10]

Based on the foregoing, we conclude that the circuit court erred as a matter of law in finding that the Johnson County property was not an asset of Bertha's Estate. Consequently, we reverse the circuit court's judgment and remand with instructions for the court to vacate its judgment and address the balance of Jennings's claims.

/s/ JAMES EDWARD WELSH
James Edward Welsh, Judge

All concur.

---

[10]As a practical matter, the flaw in Atkinson's argument becomes apparent when one ponders the state of the title under a scenario where Bertha predeceases Franklin after they executed the 1994 warranty deed. The property could not pass to Atkinson, as one of his grantees still survived. The property would not vest in Franklin, as the tenancy by the entireties had been destroyed, but would presumably pass to Bertha's Estate, the same result reached herein. While we acknowledge that, in 1995, the term "grantor" in section 461.025.1 was replaced with "owner," that fact does not change its practical effect in this case.