**ICE CASTLES, INC., Appellant,**

v.

**GROSS INSURANCE AGENCY, INC. and Belinda "Wendy" Bradley, Respondents.**

**No. WD 74776.**

Missouri Court of Appeals, Western District.

Feb. 5, 2013.

---

Roger G. Brown, Jefferson City, MO and Harold L. Caskey, Butler, MO, for appellant.

Robert H. Houske and Scott D. Hofer, Kansas City, MO, for respondents.

Before Division One: THOMAS H. NEWTON, Presiding Judge, JOSEPH M. ELLIS, Judge and GARY D. WITT, Judge.

GARY D. WITT, Judge.

Appellant Ice Castles, Inc. ("Ice Castles"), appeals from a partial summary judgment entered in favor of Respondent Gross Insurance Agency, Inc. ("Gross"), and Belinda "Wendy" Bradley ("Bradley"). Ice Castles argues on appeal that the trial court erred in declaring a judgment from a different trial court to be void and not a valid item of damage in a pending case because that ruling was not supported by the law and because it was in excess of its jurisdiction. Because the trial court's improper certification of the appeal under Rule 74.01(b) in the instant case is without legal effect, we dismiss this appeal.

### Factual and Procedural History

Brian Chamberlain ("Chamberlain") filed an action against Ice Castles in December of 2004, alleging negligence stem-

ming from a work-related injury. Chamberlain's case was filed in the Circuit Court of Bates County and later transferred to the Circuit Court of Henry County on a change of venue, where it was identified as case number 04BS–CC00067–01.

By way of a third-party petition in that action, Ice Castles alleged that Gross and Missouri Employers Mutual Insurance Company ("MEM") were negligent, in that Ice Castles had paid for workers' compensation insurance that Gross was to have obtained on its behalf through MEM. No workers' compensation coverage was in place at the time of Chamberlain's injury. Ice Castles alleged that Gross and MEM were therefore responsible for payment of any tort judgment that Chamberlain might obtain against Ice Castles based on his work-related injury. In its answer to Ice Castles's third-party petition, Gross generally denied all allegations relating to the nature and extent of Chamberlain's injuries but did not assert any affirmative defenses. In an amended petition, Chamberlain added third-party claims against Gross and MEM but later dismissed those claims without prejudice.

In May of 2006, Chamberlain filed a motion for separate trials pursuant to Rule 66.02,[1] which was granted by the trial court over the objection of the third-party defendants. The first trial would decide the liability and damages, if any, Ice Castles would owe to Chamberlain for his injury. The second trial would determine whether Gross and/or MEM were liable to Ice Castles for any part of the judgment rendered against it, if any, from the first trial. The claims proceeded under the same case number.

On August 24, 2006, Ice Castles sent a letter to Gross demanding that Gross provide a defense for and indemnify Chamberlain's claims against Ice Castles. The letter stated that if Gross refused to defend and indemnify Ice Castles,[2] Ice Castles would attempt to reach an agreement with Chamberlain under section 537.065.[3] After receiving no response to this letter, on September 21, 2006, Chamberlain and Ice Castles entered into a settlement agreement pursuant to section 537.065.[4] In that agreement, Chamberlain and Ice Castles agreed that Ice Castles would confess liability and the parties would submit the issue of damages to the trial court. They also agreed that the total damages would not exceed $1,500,000. The agreement further specified that Chamberlain would pursue the damages awarded solely from Gross, MEM and any other insurer, but would not pursue recovery from Ice Castles's assets. That same day, Chamberlain and Ice Castles appeared with their respective counsel before the trial court and presented evidence regarding liability and damages. Gross and MEM were not provided notice of this hearing.

On September 28, 2006, the trial court entered judgment in favor of Chamberlain and against Ice Castles finding the reasonable damages to be in the amount of $1,500,000. The circuit clerk faxed a copy of that judgment to Gross and MEM.

---

1. All rule references to rules are to Missouri Court Rules (2012) unless otherwise specified.

2. Ice Castles acknowledged at oral argument to this Court that because Gross is an insurance agency and not an insurer (unlike MEM), Gross did not have a duty to defend, only a duty to indemnify.

3. All statutory references are to RSMo 2000 as supplemented unless otherwise indicated.

4. That section provides for a claimant and a tort-feasor to settle a claim and contract to limit recovery of damages to specified assets such as insurance coverage.

More than two years later, in March of 2008, MEM settled the claim against it by Ice Castles for payment of $150,000. The third-party petition by Ice Castles against Gross remained pending.

On March 3, 2010, Ice Castles filed a new suit against Gross and added a new defendant, Belinda "Wendy" Bradley ("Bradley"), who was an employee/agent of Gross, alleging negligence, breach of fiduciary duty, and replevin.[5] Bradley apparently had been party to Chamberlain's original cause of action against Ice Castles but had been dismissed; she was not a named defendant in Chamberlain's First Amended Petition, and, unlike Gross, she was not sent a letter from Ice Castles's attorney demanding a defense and indemnity. Like the first action, venue was transferred to the Circuit Court of Henry County, and the second action was assigned case number 10BS–CC00015–01.

On August 31, 2010, after oral argument on what appears to be several motions filed by Ice Castles and Gross in the original (04BS–CC00067–01) case, the parties were given 14 days to brief "an issue propounded by the court," the nature of which is unclear from the record. Before that period expired, on September 9, 2010, Ice Castles voluntarily dismissed without prejudice its claims against Gross in the 04BS–CC00067–01 case. The next month, Gross filed a motion to intervene in the dismissal, arguing that the judgment that was predicated on the settlement between Chamberlain and Ice Castles was void and should not have been allowed to become final. That motion, and an extraordinary writ related thereto filed with this Court, were denied. The result was that all issues pending in case number 04BS–CC00067–01 were finally decided, and there was no appeal of that case by any party on any issue.

At that time, the only remaining pending matter between the parties was case number 10BS–CC00015–01, which was the action by Ice Castles against Gross and Bradley for negligently failing to procure workers' compensation insurance for Ice Castles. As part of the damages in that action, Ice Castles claimed the amount of the judgment entered against it from the prior action by Chamberlain. On July 25, 2011, in 10BS–CC00015–01, based on the lack of notice to Gross of the hearing that gave rise to the judgment in the prior action, the trial court granted partial summary judgment in favor of the defendants, declaring that "the judgment of $1,500,000 under Henry County Case Number 04BS–CC00067–01 is hereby declared void and is not a valid item of damage in this lawsuit."

The trial judge certified this matter as ripe for appeal pursuant to Rule 74.01(b). In its judgment, the trial court stated:

> Reading the Missouri Rules of Civil Procedure *in pari materia* [ ] as required by Rule 41.03, this Court finds this Motion has been presented in a proper fashion and is ripe for ruling. It would be a waste of judicial resources to require Gross Insurance Company and Wendy Bradley to file an independent action under Rule 74.06 seeking to void the $1,500,000 judgment when the judgment is already alleged as an item of damage in this lawsuit and is at issue here.

### Jurisdiction

Ice Castles argues on appeal that the trial court in 10BS–CC00015–01 erred in declaring the judgment from 04BS–

---

5. Ice Castles stated in its reply brief that it brought the second suit because the one-year savings statute to file claims against Bradley was about to expire. The propriety of bringing the second action is not at issue.

CC00067–01 void and not a valid item of damage in the pending case because that ruling was not supported by the law and because it was in excess of that court's jurisdiction. Specifically, Ice Castles argues that the voiding of the judgment was not supported by the law because the underlying judgment was a valid action in an independent case, and it argues that the trial court did not have personal jurisdiction over Chamberlain in the current action and therefore could not declare a judgment entered in his favor void, because he was not a party to the current action.

■ Even though appellate jurisdiction was not raised or briefed by the parties, we are required to examine our jurisdiction *sua sponte*. *Shelton v. Shelton*, 201 S.W.3d 576, 579 (Mo.App. W.D.2006) (citations omitted). If we lack jurisdiction, we must dismiss the appeal. *Id.* As set out below, because we determine that the trial court's partial summary judgment in this case was not ripe for appeal, we must dismiss the appeal.

■ By statute, a prerequisite to appellate review is that there be a final judgment. § 512.020. Rule 74.01(b) permits interlocutory appeals in certain cases involving multiple claims or parties. In relevant part, that rule states:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay.

Our Supreme Court examined Rule 74.01(b) in *Buemi v. Kerckhoff*, 359 S.W.3d 16 (Mo. banc 2011). *Buemi* was a multiparty suit involving plaintiffs in a subdivision who sued homebuilders and other defendants. *Id.* at 18. After mediation, a dispute arose as to enforcement of a purported settlement agreement and related motions for sanctions. *Id.* at 19. The trial court denied the motions to enforce the settlement agreement but granted the motions for sanctions. *Id.* The appellants unsuccessfully sought review by way of writ two times. *Id.* at 27. The trial court later certified the matter under Rule 74.01(b), determining that there was "no just reason for delay." *Id.*

Our Supreme Court dismissed the appeal, determining that the judgment was not final because it did not comply with Rule 74.01(b). In so holding, the *Buemi* Court over dissent framed the issue as such: "because a motion for sanctions is not a legal claim filed 'in an action' by way of a petition, counterclaim, cross-claim, or third-party claim, it does not fall within the definition of 'claim for relief,' as that term is used in Rule 74.01(b)." *Id.* at 21.

*Buemi* examined two seminal Supreme Court cases in concluding that "no appealable judgment exists when a trial court enters an order as to matters arising during litigation that does not resolve a claim for relief." *Buemi*, 359 S.W.3d at 23 (citing *Comm. for Educ. Equal. v. State*, 878 S.W.2d 446, 450 (Mo. banc 1994) and *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997)). The *Buemi* Court noted:

> Reading *Committee for Educational Equality* and *Gibson* together, it is clear that, when determining if a judgment disposes of a "distinct judicial unit," the focus is on whether the trial court's order disposes of a "claim." Both cases refer to the language in Rule 74.01(b) requiring that a "claim for relief" be disposed of before a case can be appealed. Additionally, both cases dealt with a factual scenario in which the trial court certified its order when it disposed of

fewer than all claims asserted in the parties' *pleadings.* The context of the Court's use of the terms "claims" and "claims for relief" make clear that the Court's discussions reference substantive claims for relief in the parties' pleadings.

359 S.W.3d at 22 (emphasis in original).

■ Applying that framework to the case at bar, a line of damages, even one premised on an independent judgment not on appeal, does not present a substantive claim for relief that we can review at this juncture. The "minimum unit of disposition is at least one claim" and "a judgment which resolves fewer than all legal issues as to any single 'claim for relief' is not final notwithstanding the trial judge's designation as such." *Comm. for Educ. Equal.,* 878 S.W.2d at 450. Moreover, the judgment in question does not meet the *Gibson* "distinct judicial unit" test, which has a settled meaning: "the final judgment on a claim, and not a ruling on some of several issues arising out of the 'same transaction or occurrence which does not dispose of a claim." *Bakewell v. Breitenstein,* 363 S.W.3d 353, 356 (Mo.App. W.D.2012) (citations omitted).

It is not as though the appeal determining that the judgment was void followed from the original 04BS–CC00067–01 action: no party brought a direct appeal of that judgment, and review of it simply is not before this Court. Rather, in this subsequent action, the parties seek resolution of whether the earlier judgment— again, now treated merely as one of several lines of damages—was void so they can know how to proceed with litigation of their claims in the underlying matter. In short, none of those claims would dissipate under the judgment in question, only the potential evidence presented to the fact finder. *See Gibson,* 952 S.W.2d at 244 ("It is 'differing,' 'separate,' 'distinct' transactions or occurrences that permit a separately appealable judgment, not differing legal theories or issues presented for recovery on the same claim."). Whether the voiding of the judgment remains below,[6] both defendants are still subject to resolution as are the three pending claims— negligence, breach of fiduciary duty, and replevin—and any applicable remedies. "[A] judgment that disposes of only one of several remedies and leaves other remedies relating to the same legal rights open for future adjudication is not a final judgment under Rule 74.01(b)." *Comm. for Educ. Equal.,* 878 S.W.2d at 450.

■ We note too that the trial court's certification that there is "no just reason for delay" is not of legal consequence. "The designation by a trial court that its order is final and appealable is not conclusive. It is the content, substance, and effect of the order that determines finality and appealability." *Gibson,* 952 S.W.2d at 244 (citations omitted).

### Conclusion

In this case, for the reasons set forth above, we determine that the partial sum-

---

**6.** Though dicta, this Court expresses concerns about the trial court's rationale in voiding the judgment. *Ferrellgas, L.P. v. Williamson* illustrates that a non-insurer defendant can face liability at least as to the aspect of indemnity or contribution arising from a judgment that resulted from a section 537.065 settlement agreement as a new party in a later action. 24 S.W.3d 171 (Mo.App. W.D.2000). The trial court's concern that the lack of notice in this case violated *Kerth v. Polestar Entertainment* is not warranted: the action in 04BS–CC00067–01 simply did not finally adjudicate any of the respondents' rights as was the case in *Kerth,* 325 S.W.3d 373, 387 (Mo.App. E.D. 2010). In the case at bar, the respondents' rights to discovery and opportunity to challenge liability and the reasonableness of the damages should remain pending issues under *Ferrellgas.*

mary judgment voiding the earlier judgment is ineligible for interlocutory appeal under Rule 74.01(b). The appeal is dismissed and the case is remanded to the trial court for further proceedings.

All concur.