**Darion CLAYBORNE, Plaintiff,**

v.

**ENTERPRISE LEASING COMPANY OF ST. LOUIS, LLC and Elco Administrative Services Company, Defendants/Respondents,**

**and**

**Carlus Parker, Defendant/Appellant.**

**ED 104661**

Missouri Court of Appeals,
Eastern District,
DIVISION TWO.

Filed: April 11, 2017

Motion for Rehearing and/or Transfer to Supreme Court Denied May 16, 2017

---

Russell F. Waters, Michael B. Maguire, Thomas M. Ward, 800 Market Street, Suite 1100, St. Louis, MO 63101, For Defendants/Respondents.

Tim E. Dollar, Thomas J. Hershewe, 1100 Main Street, Suite 2600, Kansas City, MO 64105, For Defendant/Appellant.

SHERRI B. SULLIVAN, P.J.

Introduction

Carlus Parker (Appellant) appeals from the trial court's summary judgment entered in favor of Enterprise Leasing Company of St. Louis, LLC (Enterprise) and Elco Administrative Services Company (ELCO)[1] (collectively Respondents). We affirm.

Factual and Procedural Background

On March 6, 2013, Appellant rented a 2013 Ford Escape (Escape) from Enterprise under a written rental agreement between himself and Enterprise. Appellant declined to purchase insurance coverage from Enterprise when he rented the Escape. Appellant also declined the option to purchase supplemental liability protection (SLP), which includes excess insurance from a third-party insurance company by initialing the box indicating this declination on the rental agreement. He also signed the rental agreement and expressly indicated he had read and agreed to the terms and conditions on Pages 1 through 4 of the agreement.

As to the MVFRL, the rental agreement provides:

7. **Responsibility to Third Parties.** Owner complies with applicable motor vehicle financial responsibility laws as a state certified self-insurer, bondholder, or cash depositor. Except to the extent required by the motor vehicle financial responsibility laws of the applicable state or otherwise by law, Owner does not extend any of its motor vehicle financial responsibility or provide insurance coverage to Renter, AAD(s), passengers or third parties through this Agreement. If valid automobile liability insurance or self-insurance is available on any basis to Renter, AAD(s) or any other driver and such insurance or self-insurance satisfies the applicable state motor vehicle financial responsibility law, then Owner extends none of its motor vehicle financial responsibility. However, if Renter and AAD(s) are in compliance with the terms and conditions of this Agreement and if Owner is obligated to extend its motor vehicle financial responsibility to Renter, AAD(s) or third parties, then Owner's obligation is limited to the applicable state minimum financial responsibility amounts. Unless required by law, Owner's financial responsibility shall not extend to any claim made by a passenger while riding in or on or getting in or out of Vehicle. Owner's financial responsibility shall not extend to liability imposed or assumed by anyone under any worker's compensation act, plan or contract. SEE PARAGRAPH 17 FOR INFORMATION ON OPTIONAL SLP.

On March 11, 2013, Appellant was involved in a motor vehicle accident with Darion Clayborne (Clayborne), when Appellant ran a stop sign at a high rate of speed in the Escape and collided with Clayborne's car at the intersection of Shreve and Margaretta Avenues. At the time of the accident, Appellant maintained his own automobile liability insurance policy through Benchmark Insurance Company (Benchmark), which provided insurance coverage to Appellant for this accident.

On April 25, 2014, Appellant's counsel Thomas Hershewe (Hershewe), from Dollar, Burns & Becker, sent a letter to ELCO's Maureen Gehbauer (Gehbauer),

---

1. ELCO is a Missouri corporation and wholly-owned subsidiary of Enterprise Holdings, Inc. One function of ELCO is to determine whether Enterprise is required, as a self-insurer, to provide financial responsibility under the Missouri Motor Vehicle Financial Responsibility Laws (MVFRL) when one of its rental vehicles is involved in an accident.

which stated: "My client is willing to settle within the policy limits for Twenty-Five Thousand Dollars ($25,000.00)."

On June 19, 2014, Appellant and Clayborne entered into a Section 537.065 agreement[2] which provided, in pertinent part, that in return for $15,000 from Benchmark, Clayborne would not pursue Appellant's personal assets and not enforce any judgment by execution or garnishment against Appellant's personal or real properties other than his insurance policies. Appellant agreed to waive his right to contest venue and trial by jury, agreed to a bench trial, and agreed to accept representation from Dollar, Burns & Becker as his counsel in the lawsuit brought by Clayborne. In addition, he agreed that he would not accept a defense from Enterprise or ELCO.

On July 2, 2014, Clayborne filed his Petition alleging he was injured by Appellant's negligent operation of the Escape. (Circuit Court of the City of St. Louis Case No. 1422-CC09095). On July 8, 2014, Hershewe called Gehbauer and advised her Clayborne had filed suit against Appellant. On July 9, 2014, Gehbauer responded to Hershewe that Benchmark and not Enterprise had the duty to defend and indemnify Appellant. On October 6, 2014, after a bench trial, judgment on liability and damages was entered for Clayborne and against Appellant for $575,000 and post-judgment interest.

On November 7, 2014, Clayborne filed a Section 379.200 garnishment action against Enterprise, ELCO, and Appellant for the MVFRL $25,000 limit. (Circuit Court of the City of St. Louis Case No. 1422-CC10024). On November 13, 2014, Appellant filed a cross-claim against Enterprise and ELCO for bad faith failure to settle and breach of contractual duty to defend. Enterprise and ELCO satisfied Clayborne's garnishment claim against them for $25,000, resulting in Clayborne's voluntary dismissal of them from his garnishment action with prejudice on October 30, 2015.

On November 12, 2015, Enterprise and ELCO filed a motion for summary judgment on Appellant's claims for breach of a duty to defend and bad faith asserting neither Enterprise nor ELCO had a con-

---

**2.** All statutory references are to RSMo 2000. Section 537.065 "allows a claimant and a tort-feasor to settle a claim and enter an agreement to limit recovery of damages to specified assets such as insurance coverage." Ice Castles, Inc. v. Gross Ins. Agency, Inc., 391 S.W.3d 506, 508 n. 4 (Mo. App. W.D. 2013). It provides in its entirety:

Any person having an unliquidated claim for damages against a tort-feasor, on account of bodily injuries or death, may enter into a contract with such tort-feasor or any insurer in his behalf or both, whereby, in consideration of the payment of a specified amount, the person asserting the claim agrees that in the event of a judgment against the tort-feasor, neither he nor any person, firm or corporation claiming by or through him will levy execution, by garnishment or as otherwise provided by law, except against the specific assets listed in the contract and except against any insurer which insures the legal liability of the tort-feasor for such damage and which insurer is not excepted from execution, garnishment or other legal procedure by such contract. Execution or garnishment proceedings in aid thereof shall lie only as to assets of the tort-feasor specifically mentioned in the contract or the insurer or insurers not excluded in such contract. Such contract, when properly acknowledged by the parties thereto, may be recorded in the office of the recorder of deeds in any county where a judgment may be rendered, or in the county of the residence of the tort-feasor, or in both such counties, and if the same is so recorded then such tort-feasor's property, except as to the assets specifically listed in the contract, shall not be subject to any judgment lien as the result of any judgment rendered against the tort-feasor, arising out of the transaction for which the contract is entered into.

tractual duty under the rental agreement or a statutory duty under the MVFRL to defend Appellant, and neither the rental agreement nor the MVFRL gave Enterprise or ELCO the exclusive right to contest or settle any claims against Appellant or prohibited him from voluntarily assuming any liability or settling any claims against him without Enterprise's consent.

On July 14, 2016, the trial court entered summary judgment for Enterprise and ELCO on Appellant's claim for breach of a duty to defend, finding there was no language in the rental agreement establishing a duty owed by Enterprise or ELCO to defend Appellant nor did the MVFRL impose such a duty. The trial court also entered summary judgment for Enterprise and ELCO on Appellant's claim for bad faith refusal to settle, finding Enterprise is not an insurer; Appellant paid no premium for insurance coverage; and neither Enterprise nor ELCO had any duty to settle a third party's claim against Appellant under either the rental agreement or MVFRL. This appeal follows.

## Points on Appeal

In his first point, Appellant maintains the trial court erred in entering summary judgment for Enterprise and ELCO on Appellant's bad faith claim on the basis that Enterprise is not an insurance company and did not issue an insurance contract because Enterprise's rental agreement meets Missouri's elements for an insurance contract, in that the rental agreement requires Enterprise to cover the vehicle when its customer causes bodily injury to another person for Missouri's minimum financial responsibility limits and the agreement grants Enterprise control over any claim made against the customer.

In his second point, Appellant claims the trial court erred in granting summary judgment to Enterprise on Appellant's breach of contract claim on the basis that Enterprise did not have a duty to defend Appellant because even if Enterprise did not have a duty to defend Appellant, it still breached the rental agreement by not paying its financial responsibility limits.

## Standard of Review

Summary judgment is reviewed *de novo* and affirmed only where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp., 854 S.W.2d 371, 376 (Mo. banc 1993). A defendant may establish summary judgment is appropriate by showing (1) facts negating any one of the plaintiff's elements necessary for judgment; (2) that the plaintiff has not produced evidence sufficient for the finder of fact to find the existence of one of the plaintiff's elements; or (3) facts necessary to support a properly pleaded affirmative defense. AIG Agency, Inc. v. Missouri General Insurance Agency, Inc., 474 S.W.3d 222, 226 (Mo. App. E.D. 2015). We review the record in the light most favorable to the party against whom judgment was entered. Id.

If the moving party makes a prima facie showing that it is entitled to judgment as a matter of law, the non-moving party then has a specific burden: "A denial may not rest upon the mere allegations or denials of the party's pleading. Rather, the response shall support each denial with specific references to the discovery, exhibits or affidavits that demonstrate specific facts showing that there is a genuine issue for trial." Rule 74.04(c)(2); Renaissance Leasing, LLC v. Vermeer Mfg. Co., 322 S.W.3d 112, 120 (Mo. banc 2010). The court accords the non-moving party the benefit of all reasonable inferences in the record. ITT, 854 S.W.2d at 376. An order of summary judgment may be affirmed under

any theory that is supported by the record. Burns v. Smith, 303 S.W.3d 505, 509 (Mo. banc 2010).

## Discussion

We address Appellant's two points on appeal together.

### Breach of Contract Failure to Defend and Bad Faith Failure to Settle

Appellant claims Enterprise and ELCO had a duty to defend him against Clayborne's lawsuit and they also committed the tort of bad faith refusal to settle by failing to pay Clayborne $25,000 before Clayborne filed his lawsuit against Appellant and obtained a $575,000 judgment against him.

ELCO has paid Clayborne the MVFRL $25,000 on behalf of Enterprise. Benchmark has paid Clayborne $15,000 of its $25,000 policy limit pursuant to a settlement agreement reached between them releasing Benchmark from all liability before Clayborne filed his suit against Appellant. Clayborne received a $575,000 judgment against Appellant. Clayborne then filed his garnishment action against Appellant, Enterprise, and ELCO. Enterprise and ELCO paid Clayborne the MVFRL liability limit of $25,000 and Clayborne dismissed them from his garnishment suit with prejudice. However, they remained in the suit only by virtue of Appellant's cross-claims against them for breach of duty to defend and settle. Appellant maintains Enterprise and ELCO should pay the remaining portion of Clayborne's October 6, 2014 liability and damages judgment against Appellant.

In order to make a submissible case for breach of contract, the complaining party must establish the existence of a valid contract; the rights of plaintiff and obligations of defendant under the contract; a breach by defendant; and damages resulting from the breach. Lucero v. Curators of Univ. of Mo., 400 S.W.3d 1, 5 (Mo. App. W.D. 2013). To prevail on a motion for summary judgment for a breach of contract claim, Appellant was required to make a prima facie showing that there was no genuine dispute as to the material facts establishing: (1) the existence of a valid contract; (2) Enterprise's obligation under the contract; (3) a breach by Enterprise of that obligation; and (4) resulting damages. C-H Building Associates, LLC v. Duffey, 309 S.W.3d 897, 899 (Mo. App. W.D. 2010).

In the instant case, Appellant can point to no provision in the rental agreement establishing an obligation on Enterprise or ELCO to defend him in a lawsuit or to settle any claims brought against him by a third party damaged by Appellant while driving the rental car. Enterprise and ELCO have satisfied the only duty of coverage they have in this case, namely a statutory duty under the MVFRL to provide the minimum amount of $25,000 to third party Clayborne. This duty to third parties under the MVFRL is recognized in the rental agreement as follows:

7. **Responsibility to Third Parties.** Owner complies with applicable motor vehicle financial responsibility laws as a state certified self-insurer, bondholder, or cash depositor. Except to the extent required by the motor vehicle financial responsibility laws of the applicable state or otherwise by law, Owner does not extend any of its motor vehicle financial responsibility or provide insurance coverage to Renter, AAD(s), passengers or third parties through this Agreement. If valid automobile liability insurance or self-insurance is available on any basis to Renter, AAD(s) or any other driver and such insurance or self-insurance satisfies the applicable state motor vehicle financial responsibility law, then Owner extends none of its motor vehicle financial responsibility. However, if Renter and AAD(s) are in

compliance with the terms and conditions of this Agreement and if Owner is obligated to extend its motor vehicle financial responsibility to Renter, AAD(s) or third parties, then Owner's obligation is limited to the applicable state minimum financial responsibility amounts. Unless required by law, Owner's financial responsibility shall not extend to any claim made by a passenger while riding in or on or getting in or out of Vehicle. Owner's financial responsibility shall not extend to liability imposed or assumed by anyone under any worker's compensation act, plan or contract. SEE PARAGRAPH 17 FOR INFORMATION ON OPTIONAL SLP.

Appellant's assertion that Enterprise and ELCO failed to fulfill their duty to Clayborne under the MVFRL fails as a matter of fact, because they did fulfill such duty, and Clayborne voluntarily dismissed them with prejudice from his garnishment proceeding after they satisfied his demand for $25,000 under the MVFRL on October 30, 2015.

Furthermore, Appellant explicitly declined the option Enterprise gave him in the rental agreement to purchase insurance coverage from Enterprise when he rented the Escape. Appellant also explicitly declined the option to purchase supplemental liability protection, which includes excess insurance from a third-party insurance company by initialing the box indicating this declination on the rental agreement.

Enterprise is a self-insured car rental company and not an insurance company. Under the MVFRL, Enterprise, as a self-insured entity, only had a duty to pay third parties injured by the renters of its vehicles, and had no separate and independent duty to provide Appellant as a renter with a defense or settle claims brought against him unless Appellant so chose, which he was given an opportunity to do and affirmatively declined to do in two separate places in his rental agreement. Since Enterprise is not an insurance company, Appellant paid Enterprise no premiums for insurance coverage, and the rental agreement did not subject Enterprise to any duties to defend or indemnify Appellant, Appellant's breach of contract and bad faith claims against Enterprise and ELCO fail as a matter of law and undisputed fact. Neither Enterprise nor ELCO had a contractual duty under the rental agreement or a statutory duty under the MVFRL to defend Appellant, and neither the rental agreement nor the MVFRL gave Enterprise or ELCO the exclusive right to contest or settle any claims against him or prohibited him from voluntarily assuming any liability or settling any claims against him without Enterprise's consent.

The Missouri Supreme Court first recognized a bad faith refusal to settle action in Zumwalt v. Utilities Insurance Co., 360 Mo. 362, 228 S.W.2d 750, 753 (Mo. 1950), stating:

'[W]here the insurer in a liability policy reserves the exclusive right to contest or settle any claim brought against the assured, and prohibits him from voluntarily assuming any liability or settling any claims without the insurer's consent, except at his own costs, and the provisions of the policy provide that the insurer may compromise or settle such a claim within the policy limits, no action will lie against the insurer for the amount of the judgment recovered against the insured in excess of the policy limits, unless the insurer is guilty of fraud or bad faith in refusing to settle a claim within the limits of the policy.'

Scottsdale Ins. Co. v. Addison Ins. Co., 448 S.W.3d 818, 827 (Mo. banc 2014). "Accordingly, a bad faith refusal to settle action will lie when *a liability insurer*: (1) reserves the exclusive right to contest or settle any claim; (2) prohibits the insured

from voluntarily assuming any liability or settling any claims without consent; and (3) is guilty of fraud or bad faith in refusing to settle a claim within the limits of the policy." Id. (emphasis added). In citing Scottsdale for the elements of a bad faith refusal to settle claim, Appellant replaces the key words "liability insurer" with the word "entity."[3] Appellant then begins his examination with an analysis of whether Enterprise, as an entity, reserved the exclusive right to settle. However, he skips over the prelude to the analysis, which is important because it identifies two fundamental prerequisites to a bad faith claim— the identity of the party (an insurer) and the type of agreement (liability policy). See Zumwalt, 228 S.W.2d at 753 ("[W]here the insurer in a liability policy reserves . . . ."). Here, we have neither an insurer nor a liability policy. We have a car rental company and a rental agreement. An insurer is defined as "one who agrees, by contract, to assume the risk of another's loss and to compensate for that loss." Black's Law Dictionary, 811 (7th ed. 1999). Enterprise and ELCO would have acted as an insurer for Appellant if he had opted in but as noted twice already in this opinion, he explicitly opted out twice; twice declining Enterprise's offer to act as his liability insurer in the rental agreement. Nevertheless, Appellant staunchly maintains in his brief that this Court must award Appellant the excess judgment of $575,000 and post-judgment interest in order to put himself back in the place he would have been if Enterprise had "performed its obligations."

Appellant claims if Enterprise would have paid Clayborne the MVFRL $25,000 when Clayborne offered to settle on April 24, 2014, then Clayborne would not have sued Appellant on July 2, 2014, and the trial court would not have entered judgment against Appellant for $575,000 on October 6, 2014. This may be true in the abstract but this circumstance, unfortunate as it is for Appellant, does not create a legal duty stemming from Enterprise to Appellant. Enterprise was not Appellant's liability insurer. Benchmark was Appellant's liability insurer, and it settled with Clayborne on June 19, 2014, in a Section 537.065 agreement. Enterprise and ELCO satisfied their only duty with regard to coverage of liability in this case as a car rental company under the MVFRL by paying $25,000 to Clayborne, resulting in Clayborne's voluntary dismissal of them with prejudice from his garnishment case on October 30, 2015.

The facts in this case are uncontroverted and Appellant's claims lack support in the law. For the foregoing reasons, Enterprise and ELCO are entitled to judgment as a matter of law and fact on Appellant's claims for breach of duty to settle and breach of contractual duty to defend. Points I and II are denied.

### Conclusion

The judgment of the trial court is affirmed.

Roy L. Richter, J., and Colleen Dolan, J., concur.

---

**3.** From Appellant's brief: "The court should also conclude that Parker can maintain a bad faith claim against Enterprise. The Missouri Supreme Court has held that a person can maintain a bad faith case by proving that *the entity*: (1) reserves the exclusive right to contest or settle any claim; (2) prohibits the insured from voluntarily assuming any liability or settling any claims without consent; and (3) is guilty of fraud or bad faith in refusing to settle a claim within the limits of the policy. Scottsdale Ins. Co. v. Addison Ins. Co., 448 S.W.3d 818, 827 (Mo. banc 2014)." (Emphasis added.)