SHERRI B. SULLIVAN, P.J.
Introduction
Robert Lurie (Appellant) appeals from the summary judgment entered by the trial court in favor of Commonwealth Land Title Company, LLC (Respondent) on Appellant's claims against it for breach of contract, unjust enrichment, and vexatious refusal to pay. We affirm.
Factual and Procedural Background
On August 5, 1998, Appellant purchased a home at 44 Hillvale Drive in Clayton. Appellant also purchased an Owner's Policy of Title Insurance (the Policy). The Policy was underwritten by Respondent. The Policy states it is meant to protect the insured from defects, encumbrances, or liens in title, unmarketability of title, and lack of right to access to and from land. The Policy also states Respondent would pay costs, attorney's fees, and expenses incurred in defense of title.
In July 2003, Appellant's back yard neighbor, Michael Polinsky (Polinsky), replaced the fence between Polinsky's and Appellant's homes. Appellant believed the fence encroached onto his property. On July 24, 2008, Appellant filed a lawsuit against Polinsky, demanding he remove the fence. On December 16, 2009, Appellant dismissed the lawsuit without prejudice. On December 10, 2010, Appellant filed a second lawsuit against Polinsky, demanding he remove the fence. On June 29, 2012, Appellant dismissed the second lawsuit without prejudice. The parties then privately settled without judicial determination of Appellant's claims. However, Appellant incurred $68,740.25 in attorney's fees from initiating and pursuing his lawsuits against Polinsky. In 2015, Appellant *586 sought reimbursement of that expenditure from Respondent under the Policy's coverage of third-party challenges to title.
Respondent first became aware of Appellant's claims against Polinsky on August 25, 2015, when Appellant sued Respondent, alleging Breach of Contract in Count I of his petition; in Count II, Unjust Enrichment; and in Count III, Vexatious Refusal to Pay. During the pendency of Appellant's lawsuit against Respondent, the parties agreed Appellant would submit a claim under the Policy. On March 1, 2016, Appellant submitted a claim to Respondent for his attorney's fees incurred in his 2008 and 2010 lawsuits. On July 6, 2016, Respondent denied the claim because Appellant failed to timely notify Respondent of the lawsuits.
Both Appellant and Respondent moved for summary judgment and the trial court heard oral argument. The trial court granted summary judgment in Respondent's favor on all three counts of Appellant's petition based on Appellant's unexcused failure to provide Respondent timely notice of his claims, which prejudiced Respondent, thereby relieving Respondent of all liability under the Policy. This appeal follows. Additional facts will be adduced later in this opinion as necessary to resolve the issues raised in this appeal.
Points on Appeal
In his first point, Appellant claims the trial court erred in granting Respondent's motion for summary judgment because Appellant met his burden of proof to establish compliance with the notification of claim requirements as set forth in the insurance policy and Respondent did not meet its burden of proof to establish actual prejudice from any claimed failure of Appellant to comply with the notification of claim requirements in the insurance policy, in that the requirement of prompt notice in the insurance policy is vague, undefined, and unenforceable, and Respondent was unable to establish any nonspeculative evidence to show actual prejudice from any claimed failure to notify by Appellant.
In his second point, Appellant maintains the trial court erred in granting Respondent's motion for summary judgment because there are controverted issues of material fact which are in dispute, in that (1) there was a valid contract between Appellant and Respondent which was fully performed by Appellant, which Respondent breached, and for which Appellant suffered damages in an amount of at least $68,740.25; (2) there is a valid claim for unjust enrichment as Respondent received a benefit when Appellant paid for his own defense of his boundary dispute with Polinsky, and it would be unjust for Respondent not to pay this claim for which it is otherwise liable; and (3) there is a valid claim for vexatious refusal to pay as Respondent's denial of Appellant's claim was without reasonable cause or excuse.
Standard of Review
Summary judgment is reviewed de novo and affirmed only where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Clayborne v. Enterprise Leasing Co. of St. Louis, LLC, 524 S.W.3d 101, 105 (Mo. App. E.D. 2017). A defendant may establish summary judgment is appropriate by showing (1) facts negating any one of the plaintiff's elements necessary for judgment; (2) the plaintiff has not produced evidence sufficient for the finder of fact to find the existence of one of the plaintiff's elements; or (3) facts necessary to support a properly pleaded affirmative defense. Id. We review the record in the light most favorable to the party against whom judgment was entered. Id.
*587 If the moving party makes a prima facie showing that it is entitled to judgment as a matter of law, the non-moving party then has a specific burden: "A denial may not rest upon the mere allegations or denials of the party's pleading. Rather, the response shall support each denial with specific references to the discovery, exhibits or affidavits that demonstrate specific facts showing that there is a genuine issue for trial." Rule 74.04(c)(2); Renaissance Leasing, LLC v. Vermeer Mfg. Co., 322 S.W.3d 112, 120 (Mo. banc 2010) ; Clayborne, 524 S.W.3d at 105. The court accords the non-moving party the benefit of all reasonable inferences in the record. Clayborne, 524 S.W.3d at 105. An order of summary judgment may be affirmed under any theory that is supported by the record. Id. at 105-06.
Discussion
In an action to recover on an insurance policy, an insured must prove he complied with the policy provisions that require some kind of performance on his part, or he must show a sufficient excuse for his nonperformance. Tresner v. State Farm Ins. Co., 913 S.W.2d 7, 9 (Mo. banc 1995). When an insured fails to comply with a policy provision requiring timely notice of the action insured against, Missouri case law offers two alternative doctrines under which an insured's failure to provide timely notice might be excused. Id. at 10. First, there is the excuse of incapacity, where an accident insured against leaves the insured incapacitated to the extent that it is impossible for him to provide timely notice. Id. Alternatively, the insured may show substantial compliance with the timely notice provision, thus excusing literal performance. Id.
Our review of Appellant's claim of error is a two-step process. Green Tree Servicing, LLC v. Chicago Title Ins. Co., 499 S.W.3d 771, 775 (Mo. App. E.D. 2016). First, we must determine whether, as a matter of law, Appellant failed to comply with the Policy's notice requirement. Id. at 775-76 ; see also Tresner, 913 S.W.2d at 9-10. The determination of whether an insured provided prompt notice to its insurer is normally an issue of fact, but it may become a question of law where all reasonable persons would conclude notice was not given within a reasonable time. Green Tree Servicing, LLC, 499 S.W.3d at 776 ; Tresner, 913 S.W.2d at 14. Next, we must determine whether, as a matter of law, Respondent was prejudiced by Appellant's failure to comply. Green Tree Servicing, LLC, 499 S.W.3d at 776. The burden of proof regarding compliance with the Policy's notice requirement is on the Appellant insured, and the burden of proof regarding prejudice is on the Respondent insurer. Green Tree Servicing, LLC, 499 S.W.3d at 776 ; see Tresner, 913 S.W.2d at 11.
The Policy obligates an insured party to notify Respondent:
... in case knowledge [should] come to [the insured] hereunder of any claim of title or interest which is adverse to the title to the estate or interest, as insured, and which might cause loss or damage for which [Respondent] may be liable....
The Policy also obligates an insured party to notify Respondent "promptly in writing in case of any litigation. " (Emphasis added.) If an insured fails to promptly notify Respondent of such a claim or litigation, then "all liability of [Respondent] shall terminate," provided Respondent is prejudiced by such failure.
At no time prior to, or during the pendency of his two lawsuits in 2008 and in 2010, did Appellant provide Respondent notice of his lawsuits, or of the dispute between himself and Polinsky regarding Appellant's claim Polinsky's fence encroached *588 upon his property. Respondent was not notified of any claim or litigation until August 25, 2015, seven and five years, respectively, after Appellant's instigation of litigation of his claims, and more than three years after he voluntarily dismissed his second lawsuit. There can be no reasonable conclusion this notice of litigation was prompt in any circumstance; therefore, it ceases to be a question of fact and becomes a determination of law for the court. Green Tree Servicing, LLC, 499 S.W.3d at 776 ; Tresner, 913 S.W.2d at 14.
Appellant failed to give prompt notice to Respondent as a matter of law and provides no excuse for his failure. Appellant offered no evidence of incapacity or substantial compliance with the timely notice provision to excuse his failure to give prompt notice. Respondent was prejudiced because it was deprived of its specifically expressed contractual rights under the Policy to direct the litigation, pursue a settlement, and most importantly in this case, select the counsel of its choice. Without notifying Respondent, Appellant independently initiated and pursued two lawsuits against Polinsky that he later dismissed, with his choice of counsel, who billed Appellant more than $68,000. Appellant then sought reimbursement from Respondent for Appellant's independently selected private counsel's fees in contravention of the Policy's specific and express provision that Respondent has the right to choose counsel and "shall not be liable for and will not pay the fees of any other counsel." A specific provision within an insurance agreement prevails over more general provisions. H.B. Oppenheimer & Co. v. Prudential Ins. Co. of Am., 876 S.W.2d 629, 632 (Mo. App. W.D. 1994) ; Transit Cas. Co. in Receivership v. Certain Underwriters at Lloyd's of London, 963 S.W.2d 392, 397 (Mo. App. W.D. 1998).
Respondent has demonstrated actual prejudice by Appellant's failure to tender prompt notice of his litigation. The specific provisions of the Policy regarding Respondent's control of litigation and counsel and Appellant's unexcused failure to give notice within a reasonable time as a matter of law terminates Respondent's liability on the Policy for Appellant's attorney's fees accrued from his lawsuits against Polinsky.
Appellant maintains the prompt notice provision in the Policy is vague, undefined, and unenforceable. On the contrary, policy conditions requiring the insured immediately to notify the insurance company of a claim and forward all legal documents to the insurer are valid, enforceable, binding, and of vital importance to the insurer. Rocha v. Metro. Prop. & Cas. Ins. Co., 14 S.W.3d 242, 247 (Mo. App. W.D. 2000) ; see also Greer v. Zurich Ins. Co., 441 S.W.2d 15, 30 (Mo. 1969) ; Donlon v. American Motorists Ins. Co., 147 S.W.2d 176, 178 (Mo. App. St. L. 1941) ; Nevil v. Wahl, 65 S.W.2d 123, 127 (Mo. App. Spr. 1933). Missouri courts have stated the necessity to do so goes to the very essence of the insurance contract. Rocha, 14 S.W.3d at 247-48 ; Donlon, 147 S.W.2d at 179 ; Nevil, 65 S.W.2d at 128. The prompt notice provision uses direct and clear language and "prompt" is defined in the case law.
Appellant failed to comply with the Policy's prompt notice requirement as a matter of law. His failure was unexcused and Respondent was prejudiced. Respondent is not unjustly enriched by retaining the policy premiums paid by Appellant because Appellant failed to abide by the vital and essential terms upon which the coverage is contingent, which would cause inequity to Respondent if it did pay. Hertz Corp. v. RAKS Hospitality, Inc., 196 S.W.3d 536, 543 (Mo. App. E.D. 2006) ; Rocha, 14 S.W.3d at 247-48. This same *589 reasoning applies to Appellant's claim for vexatious refusal to pay. Respondent's refusal to pay was not vexatious because it had a reasonable cause not to pay, i.e. , it was detrimentally prejudiced by Appellant's unexcused failure to timely give Respondent notice of Appellant's lawsuits. Watters v. Travel Guard Int'l., 136 S.W.3d 100, 108 (Mo. App. E.D. 2004).
Respondent is entitled to judgment as a matter of law on Appellant's claims against it for Breach of Contract, Unjust Enrichment, and Vexatious Refusal to Pay. Accordingly, Points I and II are denied.
Conclusion
The trial court's summary judgment in favor of Respondent is affirmed.
Lawrence E. Mooney, J., and James M. Dowd, J., concur.